**STATE of Missouri, Respondent,**

v.

**Andre ROBINSON, Appellant.**

**No. 55680.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 23, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

---

1. A similar ·question was asked at the close of the prosecutor's voir dire and was met with equal silence.

GRIMM, Judge.

In this jury-tried case, defendant, Andre Robinson, was convicted of first degree assault and resisting arrest in violation of §§ 565.050[1] and 575.150. Defendant was sentenced to imprisonment for terms of twenty years and five years to run concurrently.

Defendant raises three points on appeal. First, the trial court erred in "admitting the statements of [victim's friend] because they were hearsay." Second, the trial court erred in submitting an instruction on resisting arrest which did not allow the jury to assess punishment. Third, the trial court erred in sentencing defendant to five years for resisting arrest; because the State's amended information reduced the underlying offense from a felony to a misdemeanor, thus making resisting arrest a misdemeanor.

 The State correctly concedes defendant's second and third points. See Notes on Use 2 to MAI–CR 3d 329.60 and Notes on Use 4 to MAI–CR 3d 304.08. Therefore, we need only consider defendant's first point. We affirm the first degree assault conviction and reverse and remand the resisting arrest conviction.

## I

The evidence at trial showed the following. On July 4, 1987, victim and his friend were walking down Labadie Street in St. Louis. There, they encountered defendant.

Victim greeted defendant by saying, "What's up?" Defendant said, "What do you mean, 'what's up'?" Victim replied, "I'm just speaking to you." Defendant mimicked victim, saying, "I'm just speaking to you."

At this point, victim and friend turned to leave. As they did so, defendant pulled a gun from his waistband and began shooting. Victim and friend tried to flee, but victim was struck twice in his back. Friend was shot as he ran on. Defendant got into a car and left.

Victim walked to a nearby house, and an ambulance was called. After being placed in the ambulance, victim told a police officer that his assailant's name was "Andre."

Friend approached a police officer at the scene approximately fifteen minutes after the shooting. He told the officer that he had been shot by a person named Andre.

## II

Before trial, defendant sought to interview and take the deposition of friend. Friend apparently could not be located. The trial court ordered the State to produce friend for a recorded statement on a specific date. The court further ordered that, if he was not so produced, "all statements by him will be excluded from evidence in the State's case."

Friend did not appear. Defendant filed a motion in limine to exclude any statements made by friend to the police or to anyone else. The motion was sustained. Other motions were heard and decided. The trial court, however, reaffirmed its ruling on the motion in limine.

The State's opening statement is not before us. Following that statement, however, defense counsel objected on hearsay grounds. The objection was to a comment, apparently made in the opening statement, that a police officer would testify that friend said that he was shot and "that it was the Defendant who shot him or that it was Andre that shot him." Counsel also pointed out that friend's testimony had been excluded by a previous trial court ruling, as well as sustention of the motion in limine.

The trial court stated that its ruling on the motion in limine was a temporary ruling. The court had apparently directed the "State's Attorney to show the facts and circumstances that brought it within the declaration, within the concept of a spontaneous declaration or utterance, spontaneous utterance." The court overruled the objection, commenting that friend's statement to the police officer was admissible as a spontaneous declaration.

■ At trial, before friend's statement to the police officer was introduced, defendant objected on grounds of hearsay. The objection was overruled. The motion for new trial, however, does not contain any allegation of error concerning friend's statement. This claim of error, therefore, is not preserved.

■ We review the matter under the plain error standard. "Under this standard of review, the plain error complained of must impact so substantially upon the rights of the defendant that manifest injustice or a miscarriage of justice will result if left uncorrected." *State v. Driscoll,* 711 S.W.2d 512, 515 (Mo.banc 1986), *cert. denied,* 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986). More specifically, an "allegedly wrongful admission of hearsay testimony does not constitute plain error if such testimony is merely cumulative to other evidence properly admitted." *State v. Lincoln,* 705 S.W.2d 576, 579 (Mo.App.E.D. 1986). Here, friend's statement identifying defendant was "merely cumulative."

Victim knew defendant but did not know his last name. Victim's girl friend is defendant's niece, and she had previously introduced the two men. Victim had seen defendant "a few times" before the shooting.

Victim identified defendant three times. Shortly after the shooting, he told an officer in the ambulance that Andre had shot him. About a month later, victim went to the police station and identified defendant as his assailant. Finally, at trial, victim pointed out defendant as the man who did the shooting.

Victim sufficiently identified defendant so that the police officer's testimony of friend's statement was merely cumulative. No manifest injustice or miscarriage of justice has resulted from the police officer's testimony. We do not find plain error.[2] Point denied.

The judgment and sentence for first degree assault is affirmed. The judgment

and sentence for resisting arrest is reversed and remanded.

SATZ, P.J., and SMITH, J., concur.

---

**2.** Because we review only under a plain error standard, we need not, and do not, determine whether the trial court erred in admitting the police officer's testimony of friend's statement.