STATE of Missouri, Respondent,

v.

Elbert DIXON, Appellant.

No. ED 76720.

Missouri Court of Appeals,
Eastern District,
Division One.

May 16, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 5, 2000.

Application for Transfer Denied
Aug. 29, 2000.

Deborah B. Wafer, Asst.Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea L. Mazza, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL J. SIMON, Judge.

Elbert Dixon, defendant, appeals the judgment of the Circuit Court of St. Louis City, sentencing him as a prior and persistent offender pursuant to section 558.016 RSMo 1994 (all further references herein shall be to RSMo 1994 unless otherwise indicated) following jury verdicts of guilty of assault in the first degree in violation of section 565.050 and armed criminal action in violation of section 571.015.

On appeal, defendant claims that the trial court: (1) plainly erred in finding him to be a prior and persistent offender and in sentencing him because the two felony convictions on which the trial court relied in finding defendant to be a prior and persistent offender were not valid felony convictions; (2) erred or, alternatively, plainly erred in overruling defendant's hearsay objection to the testimony of Officer Woods, regarding statements made by eyewitness Evelina Marr. We reverse and remand with directions.

On review, we accept as true all of the evidence favorable to the verdicts, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo.banc 1989). In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.*

The record, viewed in the light most favorable to the verdicts, reveals that on September 4, 1998 Jeannine Sanders (victim) ended her relationship with defendant, with whom she had been living at the apartment of her aunt, Evelina Marr, for about seven months. Later that evening, victim saw defendant outside of her apartment, carrying a bottle of wine. She called the police, but when they arrived, defendant was gone. Police unsuccessfully searched the area for defendant.

About an hour or two later, aunt returned to the apartment, where victim had locked herself inside. As aunt unlocked the door, defendant pushed his way into the apartment and grabbed victim, pushing her onto a glass table. Defendant repeatedly stabbed victim with the broken glass from the table and then went into the kitchen and grabbed a knife. Victim tried to escape, but then appellant caught her

and stabbed her with the knife. Victim continued to attempt to flee but defendant chased her outside onto the balcony and continued to stab her. Defendant threw her into a window. Then he kicked her in the head and said, "Bitch, you ain't dead yet." He then fled the scene.

When police arrived, they found aunt at the front door of the apartment. Upset and panicked, she relayed to the police what she had witnessed. Police found victim in the outside hallway of the apartment building, lying in a pool of blood. She was barely moving and had approximately thirty-five to fifty stab wounds on her arms, neck and face. Police followed a trail of blood from the scene using dogs from the canine unit and found defendant in a yard about one block away. He had cuts on his hands consistent with handling broken glass.

Victim was transported to the hospital, where she had surgery the following day. As a result of her injuries, she lost the ability to completely close her injured hand, had difficulty lifting things, and sustained numerous scars on her body.

Defendant was charged by indictment with assault in the first degree, burglary in the first degree and armed criminal action. Before trial, the state filed a substitute information in lieu of indictment that charged defendant with being a prior and persistent offender. The information charged that defendant was a prior offender in that he had plead guilty or was found guilty of a felony and that he was a persistent offender in that he had plead guilty or was found guilty of two or more felonies committed at different times. It charged that defendant was found guilty of the felony of attempted first degree murder in Kansas on July 10, 1990 and on July 12, 1984, defendant was found guilty of the felony of "attempt to commit a felony, to wit: rape" in Tennessee. Certified copies of the court records of the prior convictions were admitted into evidence at trial.

At trial, the state called as witnesses Officers Woods and Smith, and Paramedic Michael Morgan, all of whom had responded to the scene. Aunt did not testify at trial. Officer Woods testified that aunt, who was talking really fast and panicky, told her that as she was entering her door after coming from the neighbor's house, defendant was standing by the door. Aunt asked him to leave, but he refused. As she started to enter, defendant pushed his way in. He grabbed victim, pushed her down onto the glass table and started hitting her. Aunt saw this and ran to the neighbors to call the police. She then returned to the apartment and waited at the door for the police. Defendant objected to the testimony as hearsay and the state responded that it was being offered as an excited utterance. The trial court overruled the objection and allowed the testimony. Defendant failed to preserve the issue by including it in his motion for new trial.

Victim testified that when aunt entered the door, defendant pushed aunt through the door, and picked victim up and threw her through a glass table. Aunt went to call the police. Defendant repeatedly stabbed victim with glass. Then he went into the kitchen to get a knife. Victim tried to escape, but he caught her and stabbed her with the knife. She ran for help, but he caught up with her and threw her through a window. He continued to stab her until she heard someone say police. Then he kicked her in the head.

Defendant did not testify, or present evidence in his own defense. The case was submitted to the jury and defendant was found guilty of first degree assault and armed criminal action, but was found not guilty of burglary. The trial court found that defendant had been found guilty of two felonies at different times, in Kansas for attempted second degree murder and in Tennessee for "attempt to commit a felony, to wit: rape." The court sentenced him as a prior and persistent offender to terms of life imprisonment on assault in the first degree and armed criminal action,

with the sentences to be served consecutively. It was noted at sentencing that defendant was serving a fifteen year sentence in Kansas.

In his first point on appeal, defendant contends that the trial court plainly erred in sentencing him as a prior and persistent offender because neither of the prior convictions offered by the state satisfies the requirements of section 558.016. Defendant argues that it is not specified within the Tennessee conviction, nor can it be determined from the record, whether the crime of "attempt to commit a felony, to wit: rape" is a felony. Further, defendant claims that the Kansas conviction for attempted first degree murder is not valid because it was reversed on appeal in *State v. Dixon*, 252 Kan. 39, 843 P.2d 182 (1992).

■ Defendant admits that he did not object at the sentencing hearing to the Kansas and Tennessee convictions and therefore we review only for plain error. Where defendant has been improperly sentenced as a prior or persistent offender, a manifest injustice has occurred and it is appropriate for plain error. *See State v. Hutton*, 825 S.W.2d 883, 888–89 (Mo.App. E.D.1992).

Section 558.016 provides, in pertinent part,

1. The court may sentence a person who has pleaded guilty to or has been found guilty of an offense to a term of imprisonment as authorized by section 558.011 or to a term of imprisonment authorized by a statute governing the offense, if it finds the defendant is a prior offender or a persistent misdemeanor offender, or to an extended term of imprisonment if it finds the defendant is a persistent offender or a dangerous offender.

2. A "prior offender" is one who has pleaded guilty to or has been found guilty of one felony.

3. A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times.

■ The State must prove the defendant's status as a prior, persistent, or dangerous offender beyond a reasonable doubt and the trial court must adjudge him as such based upon specific findings of fact. *State v. Tate*, 657 S.W.2d 727 (Mo.App. E.D.1983).

■ Here, the certified copy of the Tennessee conviction does not address whether the crime of which defendant was convicted, "attempt to commit a felony, to wit: rape," is a felony. Defendant was sentenced to one year imprisonment in either the Department of Corrections or the local workhouse. There is nothing in the certified copy to indicate that defendant was convicted of a felony in Tennessee.

The certified copy of the court record in Kansas reveals that defendant plead guilty to Unlawful Possession of a Firearm, a Class D felony and following a jury trial was found guilty of attempted first degree murder, a Class B felony. The attempted first degree murder conviction was overturned on appeal in *State v. Dixon*, 252 Kan. 39, 843 P.2d 182 (1992). The Kansas Supreme Court reversed the conviction for attempted first degree murder and found that the trial court erred in failing to instruct the jury on the lesser included offense of attempted second degree murder, as there was sufficient evidence to support a finding of the lesser offense.

The trial court found that defendant had been convicted in Kansas of attempted second degree murder. That finding is not supported by the evidence in the record because a certified copy of the conviction of attempted second degree murder following the reversal and remand is not part of the trial record. The certified copy in the record shows that defendant was found guilty of attempted first degree murder. However, we note that although the trial court did not make a finding as to the plea of guilty on the felony of unlawful possession of a firearm, such may be a basis for finding him to be a prior offender on remand in addition to the finding on attempt-

ed second degree murder if proven beyond a reasonable doubt.

We reverse and remand the cause for the trial court to make an appropriate finding on the record that defendant is a prior and/or a persistent offender and for resentencing. *State v. Hutton,* 825 S.W.2d 883, 888–89 (Mo.App. E.D.1992). The court must make additional findings to determine whether the Tennessee conviction is a felony. The information may also be amended to charge that defendant committed the felony of unlawful use of a firearm or attempted second degree murder in Kansas and to present evidence of the attempted second degree murder conviction. Since the record clearly establishes that defendant committed a felony of unlawful possession of a firearm, in Kansas and is a prior offender, we do not remand for a new trial.

In his second point, defendant contends that the trial court erred in overruling defendant's objection to the state's eliciting of hearsay statements from Officer Woods. In order to preserve an issue for appellate review, the party must object at trial and raise the issue in his motion for new trial. *State v. Robinson,* 783 S.W.2d 450, 452 (Mo.App. E.D.1990). Defendant concedes that such issues were not raised in his motion for a new trial. Therefore, we review for plain error. An allegedly wrongful admission of hearsay testimony does not constitute plain error if such testimony is merely cumulative to other evidence properly admitted. *Id.* Here, the testimony of Officer Woods regarding statements made to her by aunt were cumulative to the statements made by victim at trial and do not rise to the level of plain error. Point denied.

JUDGMENT REVERSED AND REMANDED WITH DIRECTIONS.

GARY M. GAERTNER, P.J. and JAMES R. DOWD, concur.