**STATE of Missouri, Respondent,**

v.

**Kipton PRELL, Appellant.**

**No. WD 56700.**

Missouri Court of Appeals, Western District.

Nov. 14, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 26, 2000.

Application for Transfer Denied Feb. 13, 2001.

---

Kent Denzel, Asst. Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NEWTON, P.J., SPINDEN, C.J., and SMART, J.

THOMAS H. NEWTON, Judge.

Following a jury trial in the Circuit Court of Jackson County, Kipton Prell was found guilty of three counts of first degree statutory sodomy, in violation of § 566.062;[1] three counts of first degree child molestation, in violation of § 566.067; three counts of first degree endangering the welfare of a child, in violation of § 568.045; one count of second degree sexual misconduct, in violation of § 566.093; one count of attempted first degree sexual misconduct, in violation of § 564.011; three counts of supplying liquor to a minor, in violation of § 311.310; and three counts of furnishing pornographic material to a minor, in violation of § 573.040. Mr. Prell was sentenced by the Honorable Thomas C. Clark to 375 years of imprisonment as a prior offender under § 558.016, RSMo 1994 and § 557.036, RSMo Supp. 1997.

Mr. Prell appealed the convictions and sentences. This court issued an unpublished opinion affirming the convictions and sentences of the trial court. Thereafter, Mr. Prell filed a motion for rehearing and transfer raising four points. We granted rehearing on the issue of whether Mr. Prell should have been sentenced as a "prior offender." On further review, we affirm the convictions, but remand the case for resentencing.

### I. Factual and Procedural Background

Mr. Prell resided in the South Kansas City, Missouri area. Over a period of several months in 1996, Mr. Prell became acquainted with many young boys, allowing them to visit his home on various occasions. Mr. Prell supplied the boys with cigarettes and alcoholic beverages, including beer and strawberry daiquiris. While at his home, Mr. Prell permitted the boys to view explicit videotaped pornographic materials and encouraged them to openly masturbate in his presence. Mr. Prell also instructed the boys that, if they

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

had to use the restroom, they should do so in a drain near a wall with a peephole. Mr. Prell warned the boys that they could get into trouble if they told any adults about the activities going on at his house and to not to trust police officers.

Mr. Prell either committed or attempted to commit several sexual acts against five of the boys (A.H., R.K., J.F., C.M. and B.W.). During their visits at his home, Mr. Prell coerced A.H. and B.W. into participating in various forms of sexual activity. Mr. Prell touched A.H.'s genitals and anus with either his penis, mouth or a vibrator. On several occasions, Mr. Prell placed his penis in A.H.'s mouth. Using his tongue, Mr. Prell also kissed A.H. on his mouth. Similarly, Mr. Prell encouraged B.W. to model "rappelling" and "Indian" suits, while he rubbed his hands against the boy's penis, rectum, and bottom. In exchange for money and cigarettes, Mr. Prell told both boys, A.H. and B.W., to perform scenes depicted in the pornographic videotapes with each other. He would take showers with the boys and permit them to observe him masturbating. Mr. Prell took a picture of the boys smoking cigarettes and he warned them that they would get into trouble, with both the police and their mothers, if they told on him.

At the age of fourteen, J.F. met Mr. Prell. While watching pornographic movies, Mr. Prell rubbed a vibrator on the boy's chest and back. Under Mr. Prell's supervision and insistence, J.F. agreed to participate in a contest measuring the length of his penis for six packs of cigarettes and to masturbate for an extra six-pack of wine coolers.

R.K. was also fourteen when he met Mr. Prell. The boy came to Mr. Prell's house whenever he needed cigarettes, food or drinks. While spending the night at his house, Mr. Prell urged R.K. to put on a "rappelling" suit and tried to rub the boy's penis against his own. On several other occasions, Mr. Prell tried to touch R.K.'s penis.

Mr. Prell also supplied sixteen year old C.M. with cigarettes. When they were watching a pornographic movie, Mr. Prell attempted to place his hand between C.M.'s legs.

On January 6, 1997, Mr. Prell was indicted on twenty-one counts for supplying liquor to minors, statutory sodomy, child molestation, child endangerment, sexual misconduct and furnishing pornographic materials to minors. Mr. Prell allegedly committed these criminal acts against seven young boys. Approximately eight months later, the State filed an Amended Information In Lieu of Indictment decreasing the charges to seventeen counts representing five of the minor victims.

During the trial, but out of the presence of the jury, the State presented evidence that Mr. Prell was a prior offender. Trial counsel for Mr. Prell stated that he had "no objection" when the prior offense was offered into evidence at that hearing. Mr. Prell's lawyer also failed to object at the sentencing hearing. After the trial, a jury found Mr. Prell guilty of the following charges: three counts of first degree statutory sodomy, in violation of § 566.062; three counts of first degree child molestation, in violation of § 566.067; three counts of first degree endangering the welfare of a child, in violation of § 568.045; one count of second degree sexual misconduct, in violation of § 566.093; one count of attempted first degree sexual misconduct, in violation of § 564.011; three counts of supplying liquor to a minor, in violation of § 311.310; and three counts of furnishing pornographic material to a minor, in violation of § 573.040. On November 20, 1998, Judge Thomas C. Clark sentenced Mr. Prell to 375 years of imprisonment as a prior offender under §§ 558.016 and 557.036.

## II. Legal Analysis

◼ Mr. Prell argues that the trial court had no authority to enhance his three convictions for first degree child mo-

lestation (Counts III, V, and VIII of the information), under § 566.067, from class C to class B felonies and to impose consecutive sentences of 15 years for each of them. Mr. Prell asserts that sentence enhancements require a previous *conviction* under Chapter 566. He contends that he was not previously convicted, but rather received and completed a suspended imposition of sentence (SIS). We agree that the court lacked authority for the sentences imposed.

On January 28, 1993, Mr. Prell pled guilty to two counts of deviate sexual assault in the second degree, Class D felonies. Mr. Prell was placed on probation for 3 years and imposition of sentence was suspended. He successfully completed the probation. When one completes an SIS probation, it is normally not considered a conviction. *Yale v. City of Independence*, 846 S.W.2d 193, 194 (Mo. banc 1993) citing *Meyer v. Missouri Real Estate Comm'n* 238 Mo.App. 476, 183 S.W.2d 342, 343 (1944). The term "conviction" requires a final judgment when one suffers a loss of privileges or the imposition of a disability. *Id.* Suspended Imposition of Sentence is not considered a final judgment. *Id.*, citing *State v. Lynch*, 679 S.W.2d 858, 860 (Mo. banc 1984).

In *M.A.B. v. Nicely*, 909 S.W.2d 669, 671 (Mo. banc 1995), the court decided whether an SIS case was a conviction for the purposes of impeachment in a civil case pursuant to § 491.050. Section 491.050 states in pertinent part:

> Any person who has been convicted of a crime is, notwithstanding, a competent witness; however, any prior criminal convictions may be proved to affect his credibility in a civil or criminal case and, further, any prior pleas of guilty, pleas of nolo contendere, and findings of guilty may be proved to affect his credibility in a criminal case.

In *M.A.B.*, the court interpreted this statute by distinguishing between a civil and criminal case. In a criminal case, one could be impeached by a plea of guilty or pleas of nolo contendere. In civil cases, a conviction must exist for use as impeachment. Quoting from the *Yale* decision, our Supreme Court stated, "Where imposition of sentence has been suspended there can be no judgment ... The term 'conviction,' standing alone, does not include a plea or finding of guilty where imposition of sentence is suspended." *M.A.B. v. Nicely*, 909 S.W.2d at 671.

In our case, the sentences for the child molestation in the first degree offenses were enhanced by the trial court because of the alleged "prior conviction" of Mr. Prell. Section 566.067.2 discusses when the crime of child molestation in the first degree can be upgraded from a class C felony to a class B felony. It states in pertinent part:

> Child molestation in the first degree is a class C felony unless the actor has previously been *convicted* of an offense ..., in which case the crime is a class B felony. (emphasis added).

Mr. Prell's SIS case cannot be considered a conviction for purposes of enhancing his punishment under the chapter 566 offense. The trial court had no authority to upgrade the class C felony of child molestation in the first degree to a class B felony. We understand the position of the trial court in view of Mr. Prell's failure to object. However, the failure of Mr. Prell to object during the trial or at the time of sentencing was immaterial because here the contention is that the sentence was not authorized by law. A defendant cannot by waiver confer jurisdiction on the court to impose a sentence not authorized by law. A sentence which is in excess of that authorized by law is beyond the jurisdiction of the sentencing court. *Merriweather v. Grandison*, 904 S.W.2d 485, 486 (Mo.App. W.D.1995).

### III. Conclusion

After a thorough review of this matter, we conclude that the sentence imposed exceeded the jurisdiction of the sentencing

court. This case is remanded for sentencing only, and the trial court is ordered to resentence Mr. Prell on the 3 counts of child molestation in the first degree, class C felonies.

SPINDEN and SMART, JJ., concur.