**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Debra REYNOLDS,
Defendant/Appellant.**

**No. ED 84178.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 19, 2005.

Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for respondent.

Jessica Hathaway, Assistant Public Defender, St. Louis, MO, for appellant.

Before PATRICIA L. COHEN, P.J., KATHIANNE KNAUP CRANE, J. and ROBERT G. DOWD, JR., J.

PER CURIAM.

Defendant, Debra Reynolds, appeals from a judgment entered on a jury verdict

finding her guilty of one count of possession of a controlled substance, in violation of section 195.202 RSMo (2000). The trial court found defendant to be a prior and persistent offender and sentenced her to seven years imprisonment to be served concurrently with another sentence. On appeal, defendant contends that the trial court plainly erred in submitting the verdict director on possession, erred in denying her motions for acquittal for insufficiency of the evidence that defendant's possession was voluntary and intentional, plainly erred in failing to declare a mistrial *sua sponte* after the prosecutor made allegedly improper remarks about defense counsel, and plainly erred in finding that defendant was a prior and persistent offender.

We deny the claims made in points one, two, and three and affirm that part of the judgment constituting the conviction pursuant to Rule 30.25(b). No jurisdictional purpose would be served by a written opinion reciting the detailed facts and re-stating the principles of law. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

This leaves defendant's fourth point. Defendant contends that the trial court plainly erred[1] in finding that she was a persistent felony offender because the state did not prove beyond a reasonable doubt that defendant was convicted of two prior felonies occurring at different times as required by section 558.016.3. Section 558.016.3 provides:

3. A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times.

The information charged that defendant was a persistent felony offender because she had pleaded guilty to three prior felonies.

The trial court conducted a separate hearing out of the jury's presence on whether defendant was a prior and persistent offender. A circuit court clerk for the Twenty-Second Circuit testified that the court files showed that defendant pleaded guilty to stealing over $150, a class C felony, in Cause No. 881–856, in 1988, and to stealing over $150 by deceit, a class D felony, in Cause No. 881–976 on February 10, 1989. On cross-examination, defense counsel confirmed only that defendant received a suspended imposition of sentence on both charges. Without objection, the trial court found that defendant was a prior offender and that she also was a persistent offender in that she had pleaded guilty to two or more felonies committed at different times. The clerk's files were not marked as exhibits or offered into evidence.

Defendant argues that the state did not prove that she was a persistent offender beyond a reasonable doubt because it did not present sufficient evidence that the two felonies occurred at different times. The state concedes that the transcript does not support a finding that defendant committed these felonies on different occasions.

Although the state argues that defendant was not prejudiced by the finding because her sentence was within the same range as for a prior offender, we have held that improper sentencing as a persistent offender results in a manifest injustice that

---

1. Defendant did not object at trial to the insufficiency of the proof of her persistent offender status and she did raise this issue in her motion for new trial. She therefore did not preserve this issue for appeal. *Compare State v. Coomer,* 888 S.W.2d 356, 358 (Mo. App.1994). We may review only for plain error pursuant to Rule 30.20.

may be reviewed for plain error. *State v. Dixon,* 24 S.W.3d 247, 250 (Mo.App.2000).

At trial, the state adduced some evidence of defendant's persistent offender status, and the trial court found it sufficient without any challenge or objection by defendant. Had defendant challenged the evidence at trial, a record could have been made showing whether or not the files of defendant's previous convictions showed whether the crimes had been committed at different times. Accordingly, we vacate the sentence and remand to the trial court for a new evidentiary hearing on defendant's persistent offender status. *State v. Johnson,* 150 S.W.3d 132, 139 (Mo.App. 2004). After the hearing, the trial court should make a finding on whether defendant is or is not a persistent offender and resentence defendant accordingly.