**STATE of Missouri, Respondent,**

v.

**Dayon J. BALLARD,**
**Defendant/Appellant.**

**No. ED 84330.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 30, 2005.

Gwenda R. Robinson, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The defendant appeals from his judgment and sentence, which found him to be a persistent offender. Because the trial court plainly erred in this finding, we modify the judgment and sentence and, as modified, affirm.

The defendant pointed a gun at the victim and stole her money and car. After a car chase and foot pursuit, the police apprehended the defendant. The State charged the defendant with the crimes of robbery in the first degree, armed criminal action, and resisting arrest. After a jury found the defendant guilty of all charges, the trial court sentenced the defendant to concurrent terms of seventeen years for the robbery conviction, fifteen years for

the armed criminal action conviction, and one year for the resisting arrest conviction.

We shall address only a single claim of error in our published opinion. The defendant argues that the trial court plainly erred in finding him a persistent offender in its judgment and sentence.

In the information, the State alleged that the defendant had three prior felony convictions and was a prior and persistent offender. During trial the following hearing was held:

> THE COURT: All right. We're in the courtroom outside the presence of the jury, and the State has asked for a hearing on its allegation that the Defendant is a prior offender. The State can go forward with regard to this allegation.
>
> THE PROSECUTOR: Thank you, your Honor.
>
> DEFENDANT'S COUNSEL: We're going to stipulate, Judge, except that I believe it's been stated on the charge in the City, I think [the prosecutor] already said it's robbery second, not robbery first on the prior conviction. So [the defendant] doesn't have to—
>
> THE COURT: All right[.] So you waive proof of the fact that he is a prior offender?
>
> DEFENDANT'S COUNSEL: Right.
>
> THE COURT: He has been convicted or been found guilty of a felony, and you waive proof of those?
>
> DEFENDANT'S COUNSEL: Yes, Judge.
>
> THE COURT: Is that acceptable to you, [the prosecutor]?
>
> THE PROSECUTOR: It is, your Honor.

THE COURT: All right. Based on that concession, the Court finds the Defendant is a prior offender.

In its written judgment and sentence, the trial court checked the boxes for both a prior and persistent offender.[1] The court also listed the three convictions that were set forth in the information.

The defendant admits that the issue was not properly preserved and therefore review is for plain error. "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.

A prior offender "is one who has pleaded guilty to or has been found guilty of one felony." Section 558.016.2.[2] A persistent offender "is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3. The trial court shall find a defendant to be a prior and persistent offender if: (1) the indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior and persistent offender; (2) evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior and persistent offender; and (3) the trial court finds beyond a reasonable doubt that the defendant is a prior and persistent offender. Section 558.021.1; *State v. Johnson*, 150 S.W.3d 132, 136 (Mo.App. E.D.2004). In addition, the necessary facts shall be pleaded, established, and found prior to submitting the case to the jury. Section 558.021.2; *State v. Emery*, 95 S.W.3d 98, 101–02 (Mo. banc 2003).

---

1. During sentencing, the prosecutor stated that the defendant had three prior felony convictions.

2. All statutory references are to RSMo.2000.

Here, the defendant was sufficiently established to be a prior offender under section 558.021.1.[3] However, there was no evidence presented at the hearing that the defendant had pleaded guilty to or had been found guilty of two or more felonies committed at different times, as required for a finding that a defendant is a persistent offender. In addition, at the conclusion of the hearing, the trial court found that the defendant was a prior offender, but entered no finding that he was a persistent offender.

The State initially suggests that the defendant "may have waived proof of all of his prior offenses." The State relies on the trial court's statement during the hearing that the defendant was waiving "proof of those." However, the defendant's trial counsel stated that they were waiving proof for one conviction. The trial court then asked whether the defendant was waiving proof as to the defendant being a "prior offender" and the defendant's counsel answered affirmatively. The trial court also referred to the defendant "being convicted or found guilty of a felony." The defendant only waived proof for one conviction.

The State also contends that there were no consequences to finding the defendant was a persistent offender, rather than a prior offender. The State asserts that for the class A felony of robbery in the first degree, the unclassified felony of armed criminal action, and the misdemeanor of resisting arrest, there is no sentence enhancement for a persistent offender. Section 558.016. Accordingly, the range of punishment was the same regardless of whether the defendant was a persistent offender or a prior offender. The State argues that the defendant is therefore not entitled to relief because he did not suffer

manifest injustice. However, this Court has held that if a "defendant has been improperly sentenced as a prior or persistent offender, a manifest injustice has occurred and it is appropriate for plain error." *State v. Dixon,* 24 S.W.3d 247, 250 (Mo.App. E.D.2000). *See also* Section 558.041; *State v. Reynolds,* 161 S.W.3d 887, 888–89 (Mo.App. E.D.2005). The trial court plainly erred in checking the persistent-offender box on the sentence and judgment form.

The State concedes that if plain error is found, the remedy is to correct the written judgment, eliminating the persistent-offender finding. Under the circumstances presented here, we may finally dispose of this matter and correct the defendant's judgment of conviction and sentence to reflect sentencing as a prior offender only. *State v. Williams,* 145 S.W.3d 874, 879 (Mo.App. E.D.2004). As for the defendant's other point, we have furnished the parties with a memorandum for their information only, setting forth our reasons for denying the point. Rule 30.25(b).

We correct the judgment of conviction and sentence in *State of Missouri v. Dayon Ballard,* Cause No. 021–1129, Circuit Court of the City of St. Louis, Twenty–Second Judicial Circuit, by ordering that the sentence and judgment form be modified to reflect that the defendant has been found to be a prior offender and to delete any reference to the defendant as a persistent offender. In all other respects, the judgment of conviction and sentence is affirmed.

ROBERT G. DOWD, JR., J., and MARY K. HOFF, J., concur.

**3.** On appeal, the defendant concedes that his trial counsel stipulated to his prior conviction for robbery in the second degree and therefore waived proof of his prior-offender status.