**STATE of Missouri, Respondent,**

v.

**Dwayne YOUNG, Appellant.**

**No. ED 87415.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 24, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for Respondent.

Scott Thompson, Saint Louis, MO, for Appellant.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

Dwayne Young appeals the judgment entered upon the jury verdict convicting him of two counts of first degree assault and two counts of armed criminal action. We affirm in part and reverse in part.

## I. BACKGROUND

The indictment filed against Young charged him with four counts for shooting Ken Horace and Terez Williams: Count I, first degree assault (a class A felony); Count II, armed criminal action; Count

III, first degree assault (a class B felony); and Count IV, armed criminal action. Horace, Williams and a third individual all picked Young out of photographic and live lineups and identified him as the shooter. At trial, Horace testified on direct examination by the State about his marijuana and alcohol use prior to the shooting. On cross-examination, counsel for co-defendant Christopher Young–El attempted to impeach Horace's credibility by questioning him about his alleged statements to hospital staff that he used phencyclidine ("PCP") before the shooting. The State objected to the testimony as hearsay and the court held a sidebar conference.

Counsel for Young–El explained that, after the shooting, Horace told hospital staff that he had consumed alcohol and used marijuana and PCP earlier that evening. Horace's medical records documented PCP and marijuana use a "few hours ago" and contained the results of a drug screen showing the presence of alcohol, marijuana and PCP. In their joint offer of proof, counsel for Young and Young–El stated that the records were presented by the State along with "affidavits of authenticity" and argued, therefore, that they were admissible business records. The court sustained the State's objection to evidence of Horace's PCP use. The court later allowed counsel for Young–El to read into evidence the portions of the medical records referring to marijuana use, and admitted the records with mentions of PCP redacted. The court found that the State had "opened the door" to the marijuana and alcohol use, but not the PCP use, and therefore evidence of PCP use was inadmissible.

As to Young–El, the jury was unable to reach a unanimous verdict. The jury, however, convicted Young on two counts of first degree assault and two counts of armed criminal action. At sentencing, the court found that Young was a prior offender but made no finding that Young was a persistent offender. The written sentence and judgment, however, reflected that Young was a prior and persistent offender. Young was sentenced to four 17–year sentences, to run concurrently. This appeal follows.

## II. DISCUSSION

### A. Evidence of PCP Use

In his first point on appeal, Young argues that this Court must reverse his conviction and remand for a new trial because the trial court committed prejudicial error in excluding evidence of Horace's PCP use. We disagree.

Where the issue is preserved for appeal, we will review a trial court's decision to admit or exclude evidence for an abuse of discretion. *State v. McCoy*, 175 S.W.3d 161, 163 (Mo.App. E.D.2005). "We will find an abuse of discretion only if the trial court ruling clearly offends the logic of the circumstance or appears arbitrary and unreasonable." *State v. Strughold*, 973 S.W.2d 876, 887 (Mo.App. E.D.1998). Issues not preserved for appeal, however, are reviewed for plain error. *State v. Hopson*, 168 S.W.3d 557, 565 (Mo.App. E.D.2005). An issue not raised in the motion for a new trial is not preserved for appeal. *State v. Parker*, 208 S.W.3d 331, 338 (Mo.App. S.D.2006). In addition, where no objection to the alleged error is made at trial, the issue is not preserved for appeal. *State v. Jamison*, 163 S.W.3d 552, 560 (Mo.App. E.D.2005). The party seeking plain error review "bears the burden of demonstrating plain error resulting in manifest injustice." *Id.* Under plain error review, we will reverse only "where the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice would inexorably result if left uncorrected." *Id.*

■ In support of his first point on appeal, Young claims that the court erred in not allowing counsel to cross-examine Horace about his PCP use the night of the shooting. While counsel argued for the admissibility of this testimony during the trial, this issue was not raised in Young's motion for a new trial. The matter, therefore, is not preserved. *Parker*, 208 S.W.3d at 338. We will review for plain error only. *Hopson*, 168 S.W.3d at 565; Rule 30.20.[1]

■ Young's second claim in support of his first point on appeal is that the trial court erred in redacting references to PCP use from the medical records. Young's counsel, however, did not object to the redaction when the documents were entered into evidence, but instead raised the issue for the first time in the motion for a new trial. When counsel for co-defendant sought to offer the records into evidence, the court indicated that the records would be redacted before going to the jury. Neither of the defendants' attorneys objected to the proposed redaction. In fact, the court stated on the record that the redacted medical records were admitted "subject to this Court's ruling [on the redaction] and without objection."[2] Counsel is obligated to make specific objections at trial. *State v. Baker*, 103 S.W.3d 711, 716 (Mo. banc 2003). Having failed to specifically object to the redaction, counsel did not adequately preserve this issue for trial. Accordingly we review for plain error only. *Hopson*, 168 S.W.3d at 565; Rule 30.20.

Young did not include in the record on appeal the exhibits which are the subject of this appeal. We, therefore, are not able to make a determination as to their admissibility and thus decline to find that the court did or did not err in excluding the evidence. Nevertheless, Young cannot prevail on his first point of error. "In matters involving the admission of evidence, we review for prejudice and not mere error." *State v. Newlon*, 216 S.W.3d 180, 186 (Mo.App. E.D.2007). We find that Young has failed to show any prejudice as a result of the trial court's ruling and thus the conviction must stand.

In order to prove prejudice, Young must show that there is a reasonable probability that the trial court's error affected the outcome of the trial. *State v. Forrest*, 183 S.W.3d 218, 224 (Mo. banc 2006). Young attempts to show prejudice by arguing that the jury was not able to reach a unanimous verdict as to his co-defendant, "whose guilt rested largely on the accuracy and believability of Mr. Horace." Young argues that he was prejudiced because he was not allowed to challenge the accuracy of Horace's memory the night of the shooting by arguing that Horace's memory was impaired because he was under the influence of PCP. This argument, however, ignores the fact that Young was identified by two other witnesses, not only in photo lineups and live lineups, but also at trial. Thus, even if Horace's memory was arguably unreliable, two other witnesses identified Young as the shooter. Additionally, the jury did hear evidence that Horace had smoked marijuana and drank alcohol prior to the shooting and thus could have concluded that Horace's perception of the events was impaired. Accordingly, we find that no prejudice resulted from the court's exclusion of evidence of Horace's PCP use. Having found no prejudicial error, point one is denied.

---

1. All references to Rules are to Missouri Supreme Court Rules (2007).

2. The redaction ruling took place when Horace was on the stand and counsel for Young–El attempted to ask him about the records.

## C. Sentencing

■ In his second point on appeal, Young argues that his sentencing was in error and remand is necessary. We agree.

Prior to sentencing, Young stipulated that he was a prior offender but did not stipulate that he was a persistent offender. The court stated that it found Young to be a prior offender. The sentence and judgment form, however, indicates that Young was a prior and persistent offender. Young was sentenced to 17 years on each of the four counts, to run concurrently.

■ A persistent offender is "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3 RSMo 2000.[3] A prior offender has pleaded guilty to or has been found guilty of one felony. Section 558.016.2. The trial court must find that a defendant is a prior and persistent offender if: (1) the indictment or information pleads all essential facts warranting the finding; (2) evidence is introduced establishing sufficient facts pleaded to warrant the finding beyond a reasonable doubt; and (3) the trial court finds beyond a reasonable doubt that the defendant is a prior and persistent offender. *State v. Ballard*, 169 S.W.3d 893, 894 (Mo.App. E.D.2005). The necessary facts must be pleaded, established and found before the case is submitted to the jury. *Id.* Here, the defendant stipulated to being a prior offender. There was no evidence introduced at trial, however, that he was a prior *and persistent* offender, and the

court made no such finding before the case was submitted to the jury. The written sentence and judgment, however, stated that Young was a prior and persistent offender. This finding was in error.

■ The 17–year sentence for Young's conviction under count three for first degree assault (a class B felony) exceeded the maximum sentence authorized by law where Young was found to be a prior, but not a persistent, offender.[4] Count three was punishable upon conviction under Section 558.011, which proscribes a term of punishment ranging from five to fifteen years for a class B felony. Under section 558.016.7, a person convicted of a class B felony who is also found to be a persistent offender is subject to the range of punishment for a class A felony, which is a term of ten to thirty years, or life imprisonment. Young stipulated to being a prior offender based on one prior offense, but did not stipulate to being a persistent offender. Although the court mentioned another case (in addition to the stipulated case), that case had not been disposed of at the time of Young's sentencing. While Young did not object to the court's reference to this pending case, he admitted only to being a prior offender based on one prior conviction. Furthermore, "[a] defendant cannot by waiver confer jurisdiction on the court to impose a sentence not authorized by law." *See State v. Prell*, 35 S.W.3d 447, 450 (Mo.App. W.D.2000). "A sentence which is in excess

---

**3.** All statutory references are to RSMo 2000.

**4.** The sentences imposed on counts one, two and four are not affected by our finding that the court erred in sentencing Young as a persistent offender. Count one charged Young with the class A felony of first degree assault, which is punishable under section 558.011 by incarceration for a term of ten to thirty years. Counts two and four charged Young with armed criminal action, which is punishable under section 571.015 by incarceration for a term of not less than three years, but for which there is no statutorily mandated maximum penalty. *See Martin v. State*, 187 S.W.3d 335, 341 (Mo.App. E.D. 2006) (holding that a defendant may be sentenced for armed criminal action to any term of years above the minimum).

of that authorized by law is beyond the jurisdiction of the sentencing court." *Id.*

Here, the court made an erroneous finding at sentencing that Young was a prior and persistent offender and therefore improperly sentenced him to seventeen years on his class B felony conviction, two years beyond the maximum. Point two is granted.

## III. CONCLUSION

We find that no prejudice resulted from the trial court's decision to exclude evidence of the victim's PCP use. The conviction, therefore, is affirmed. We further find that because the State failed to prove that Young was a persistent offender, the court erred in imposing a sentence that exceeded the range of punishment proscribed for the class B felony of first degree assault. Accordingly, we remand this case for the limited purpose of re-sentencing Young on Count III (class B felony of first degree assault).

LAWRENCE E. MOONEY and KENNETH M. ROMINES, JJ., concur.