**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Gunnell JONES, Defendant–Appellant.**

**No. 54161.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 16, 1991.

Application to Transfer Denied
June 11, 1991.

Dave Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

This is a direct appeal after convictions on charges of robbery in the first degree, § 569.020 RSMo 1986 and armed criminal action, § 571.015 RSMo 1986. Defendant was sentenced to serve consecutive terms of ten years and three years on these charges. The only issue on appeal is whether the court erred in allowing cross-examination of defendant which went beyond the nature, dates, places and the resulting sentence of each prior crime to which he entered pleas of guilty. *See State v. Phelps*, 677 S.W.2d 418 (Mo.App. 1984). We affirm.

"[A]ny prior criminal convictions may be proved to affect [any persons] cred-

ibility in a civil or criminal case and, further, any prior pleas of guilty ... may be proved to affect his credibility in a criminal case." Section 491.050 RSMo 1986. Proof of prior convictions is relevant for the purpose of impeachment. For the purpose of impeaching a defendant's credibility it is unnecessary for the inquiry go into details of the crimes leading to the prior convictions. *Phelps*, 677 S.W.2d at 421. A prosecutor may not unduly emphasize a conviction, delve into details of the crimes leading to the prior convictions so as to aggravate them, or use them to suggest guilt of the offense presently charged. *State v. Frison*, 775 S.W.2d 314, 318 (Mo.App.1989); *State v. Applewhite*, 771 S.W.2d 865, 869 (Mo.App.1989); *State v. Powell*, 632 S.W.2d 55, 58 (Mo.App.1982). The question is whether the court erred in permitting the prosecutor to violate approved limits of cross-examination on defendant's priors. The answer lies in the following facts.

■ Defendant was charged with robbing a woman of her purse. She testified a man pointed a gun at her while she was seated in her automobile. He demanded her purse which she threw out the window. Subsequently, defendant gave two written confessions. The confession statements confirmed details in the victim's testimony. Some of these details were not included in a police report of the robbery.

At trial defendant testified he did not rob the victim and gave the statements involuntarily by reason of police coercion. On cross-examination the following occurred:

Prosecutor: Have you pleaded guilty to any crimes?
A. Yes.
Q. What did you plead guilty to?
A. Second Degree Robbery and Attempt.
Q. Attempt what?
A. Robbery.
Q. Attempted Robbery in the Second Degree?
A. Yes.
Q. Were those both in the City of St. Louis?
A. Yes.

Q. Did both those crimes occur on February 22nd of 1987?
 *   *   *   *   *   *
A. Well, you asked me if I pled guilty. I'm telling you why and that's why.
Q. Did you plead guilty in front of a judge?
A. Yes.
Q. Did the Judge ask you all those questions?
A. Yes.
Q. Was one of the questions whether or not you were in fact guilty of the crime?
A. Yes. She told me—

Defense counsel interrupted the answer with an objection that the questions went "beyond proper examination on this particular issue." The court overruled the objection after argument of the prosecutor that the defendant was volunteering unresponsive answers which may have left the jury with an impression "that somehow he got horn-swoggled by his lawyer or something else." Defendant then testified he entered guilty pleas in a form dictated by his lawyer. Unresponsive portions of defendant's answers strongly implied he was not guilty of the charges but pleaded guilty by answering questions falsely so the court would accept his pleas. In summary, the defendant acknowledged he had prior guilty pleas to felonies but conditioned his acknowledgement on an explanation that he was not guilty.

For several reasons we find no error in allowing the state to inquire about the guilty plea hearings involving prior felony charges. First, the cross-examination never involved details of the prior crimes. The extended examination involved questions regarding the court proceedings when defendant entered guilty pleas. Second, defendant's recognition he entered guilty pleas was "conditioned" by defendant's unresponsive additions to his answer by an explanation that he was really not guilty. In *Powell*, 632 S.W.2d at 58 we held a trial court has discretion to permit the state to test and challenge ambiguous statements, denials of guilt in prior cases in which the defendant was convicted, and statements

designed to blunt the impact of prior convictions. The ruling in *Powell* applies in this case.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.