**STATE of Missouri, Respondent,**

v.

**Maurice DAVENPORT, Appellant.**

**No. ED 74900.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 7, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 10, 1999.

Application to Transfer Denied
Dec. 21, 1999.

Amy M. Bartholow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Defendant, Maurice Davenport, appeals after a verdict and a sentence to serve seven years as a prior offender on a charge of forcible rape. Section 566.030 RSMo 1994.[1] The State charged Defendant as a prior offender with burglary in the first-degree, section 569.160, and forcible rape, section 566.030. The jury convicted him of forcible rape. Defendant argues that the trial court erred and abused its discretion: (1) in overruling defense counsel's objection and allowing the State to cross-examine Defendant about the details of a crime leading to his prior assault conviction; and (2) in failing to sua sponte declare a mistrial or instruct the jury to disregard the State's statement declaring Defendant lied because he took the oath to affirm. We affirm.

The evidence supports finding the following facts. Defendant and D.O. began dating in 1993. They broke off the relationship in 1994 when D.O. attended college in another state. After graduating from college in 1996, D.O. moved back to her mother's house in Country Club Hills. Over the next two years, they saw each other briefly on a couple of occasions. In early October of 1997, Defendant called D.O. She told him that she did not want to speak with him. He then drove to her house in a white Neon automobile. When he arrived, she refused to open the door for him.

---

1. All statutory citations are to RSMo 1994 unless otherwise indicated.

On October 28, 1997, D.O. left work at approximately 4:15 p.m. and rode the bus home. As she was walking home from the bus stop, she noticed a white Neon automobile drive past her and park about three houses down from her house. She testified that Defendant approached her as she made her way to her house. While on the front porch, he suggested that they go inside. She told him that she would not open the door because her mother did not want him in her house. At this point, he pushed her into the corner of the porch, grabbed the keys from her and opened the door. She again told him to leave. He went back to the porch. She immediately tried to close the door, but he pushed it back open and threw her against the wall. He took off her jacket and shirt. She told him to "stop" and "no." He then threw her on the floor, ripped her pants off and had intercourse with her.

Officer Eugene Tisius responded to the scene. He testified at trial that D.O. seemed upset when he arrived at her house. D.O. informed him that Defendant raped her. The following day, Officer Tisius arrested Defendant and charged him with burglary and forcible rape.

The jury found Defendant guilty of forcible rape, but not of burglary. The court sentenced Defendant, as a prior offender, to seven years.

In his first point on appeal, Defendant argues that the trial court erred in overruling his objection and allowing the State to cross-examine him on the details of a crime leading to a prior assault conviction. Prior to Defendant's testimony, defense counsel made an oral motion in limine to prohibit the State from questioning Defendant about any details of his prior convictions. The State agreed unless he opened the door.

During direct examination, Defendant admitted that on May 14, 1997, he pleaded guilty to unlawful use of a weapon, assault in the third degree and possession of marijuana. The following discourse took place during cross-examination:

Q: On May 14th of 1997 in the city you pled guilty to unlawful use of a weapon?

A: Yes.

Q: Flourishing a weapon?

A: No. I had the weapon on me.

[The prosecutor:] Judge, may we approach?

The Court: Yes.

(Counsel approached the bench and the following proceedings were had:)

Ms. Harbin [prosecutor]: Judge, I believe he just opened the door. I asked him if the charge was unlawful use of a weapon, flourishing. He said, no, because I had it on me. He just went into the facts of the case. I'm going to ask him if it was against a woman, because he just opened the door.

Mr. Harris [defense counsel]: I don't think it did open any doors, but it's your call.

The Court: I think it may have. I'm going to permit you to do it.

. . . .

Q [by prosecutor]: You just said you were just carrying the weapon. You didn't flourish it?

A: No, I didn't flourish it.

Q: You pled guilty to assault?

A: Yes.

Q: That was assault of . . . [J.L.]?

A: Yes.

Q: A woman?

A: Yes.

Q: By striking her in the face with your fists?

A: No. No, I did not.

■ The State is generally prohibited from further examination when a defendant unequivocally, clearly and concisely testifies to all of his prior convictions, including the nature of the offenses, dates, places and resulting sentences. *State v. Wilson*, 888 S.W.2d 744, 748 (Mo.App. E.D.1994). Here, defense counsel questioned Defendant during direct examina-

tion about his prior convictions. Defendant admitted to pleading guilty to three offenses. On cross-examination, the State again asked Defendant about his prior convictions and argued that he had opened the door to permit questioning about the details of his assault.

 It is doubtful Defendant's answer to whether he flourished a weapon opened the door to details of his conviction of assault. However, in response to the State's argument to the court that Defendant opened the door, defense counsel stated "I don't think it did open any doors, but it's your call." This statement is not equivalent to an objection. An objection to evidence must "be sufficiently clear and definite so that the court will understand the reason for the objection." *State v. Bartholomew*, 829 S.W.2d 50, 53 (Mo.App. W.D.1992). Since Defendant did not object to cross-examination, he preserved nothing for review. *Wilson*, 888 S.W.2d at 748.

 In the absence of an objection, we review Defendant's claim for plain error. *State v. Hoopingarner*, 845 S.W.2d 89, 94 (Mo.App. E.D.1993). Defendant does not argue this on appeal. However, Rule 30.20 allows us to review for errors affecting substantial rights when manifest injustice or miscarriage of justice has resulted, whether or not Defendant included it in his brief. Missouri Supreme Court Rule 30.20; *State v. Williams*, 978 S.W.2d 454, 458 (Mo.App. E.D.1998). The trial court has broad discretion in permitting cross-examination and we will not interfere unless this discretion is clearly abused. *Hoopingarner*, 845 S.W.2d at 94. A defendant who testifies is subject to cross-examination as is any other witness. *Id.* Prior convictions, including those of the accused, are admissible for impeachment purposes. *Id.* A prosecutor may not unduly emphasize a conviction or delve into the details of the crimes leading to the prior conviction. *State v. Jones*, 809 S.W.2d 45, 46 (Mo.App. 1991). However, the court has discretion to test and challenge ambiguous state-

ments, denials of guilt, and statements designed to blunt the impact of prior convictions. *Id.* at 46–47.

By denying "flourishing" a weapon, Defendant created an ambiguity that the State could explore. This may have been done without going into the details of the assault, but we find no prejudice. Point one denied.

 In point two, Defendant argues that the court erred and abused its discretion in failing to sua sponte declare a mistrial or instruct the jury to disregard a statement made by the prosecutor during the State's rebuttal argument. Specifically, the prosecutor stated that "[Defendant] won't swear to God, because he knows he's going to lie, and that's why he took the oath to affirm, because he's guilty." Defense counsel objected to this statement and the judge sustained the objection. No further relief was requested.

 While the prosecutor's statement invites error and was improper, the trial court sustained Defendant's objection. When the court sustains Defendant's objections to questions and he does not direct any additional objection or motion to the court, there is nothing preserved for our review. *State v. Tobias*, 873 S.W.2d 650, 654 (Mo.App. E.D.1994). Defendant let the matter stand and may not now complain of error. *State v. Carter*, 847 S.W.2d 941, 945 (Mo.App. E.D.1993). Moreover, Defendant did not request a mistrial. *State v. Miller*, 870 S.W.2d 242, 246 (Mo. App. S.D.1994). Point two denied.

ROBERT G. DOWD, Jr., P.J. and LAWRENCE E. MOONEY, J. concur.