STATE of Missouri, Respondent,

v.

Lester JONES, Appellant.

No. ED 81755.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 16, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 26, 2004.

Application for Transfer Denied
March 30, 2004.

Ruth B. Sanders, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Jefferson City, MO, for respondent.

WILLIAM H. CRANDALL, JR., Judge.

Defendant, Lester Jones, appeals from the judgment of conviction, entered pursuant to a jury verdict, of domestic assault in the second degree. Section 565.073 RSMo 2000. We affirm.

We view the evidence in the light most favorable to the verdict. *State v. Tisius,* 92 S.W.3d 751, 757 (Mo. banc 2002). The facts were that on September 1, 2001, defendant and the victim, who were residing together at the time, were engaged in an altercation on a public street. Defendant was behind the victim. He put his arm around her neck in a "headlock" position and pressed his arm to her neck. He pushed her against a parked vehicle.

The jury found defendant guilty of domestic violence in the second degree. The trial court entered judgment in accordance with the verdict and sentenced him, as a prior and persistent offender, to a term of imprisonment of seven years. Defendant appeals.

In his first point, defendant contends that the trial court erred in overruling his motion to strike the undisclosed statement he had made to an eyewitness. At trial, the eyewitness testified that defendant said, "Why are sticking your nose in this? You're going to be sorry you stuck your nose into this. This is none of your business." The prosecutor explained that she did not disclose the statement during discovery because the statement was not in the police report, the witness told her the day before he took the stand that defendant had threatened him, and she thought that it was indicative of defendant's guilt. The court denied the motion to strike and took the motion for sanctions under advisement. The court later found that an admonition was sufficient because the prejudicial effect of the non-disclosure did not warrant any further action.

Rule 25.03(A) requires the State to provide to the defendant, upon a written request of counsel, certain information it has within its possession, including "the substance of any oral statements made by the defendant." The purpose of discovery is to give the parties an opportunity to prepare in advance of trial and to avoid surprise. *State v. Petty*, 967 S.W.2d 127, 137 (Mo.App. E.D.1998). The duty to disclose is a continuing one. *Id.* Here, the State violated the discovery rule by not informing defendant that it had within its possession a statement he made to one of the eyewitnesses.

Rule 25.16 allows the court, among other things, to "grant a continuance, exclude such evidence, or enter such other orders as it deems just under the circumstances." Under Rule 25.16, sanctions are permissive, rather than mandatory. *Id.* The trial court is in the best position to assess the prejudicial effect of the failure to disclose and to determine what remedy is necessary to alleviate any unfairness. *Id.* Although any incriminating evidence is prejudicial, the notion of fundamental unfairness is to be measured by whether the nondisclosure would have affected the result at trial. *Id.* at 138.

In the instant action, evidence of defendant's guilt was overwhelming. Two eyewitnesses testified that defendant had his arm around the victim's neck in a headlock position, that he was trying to lift her off the ground with his arm, and that he pushed her against a parked vehicle. The police officer testified that the victim told him that defendant held her against a car, placed his arm on her throat, and choked her. Defendant admitted that he grabbed the victim and held her from behind.

The fact that evidence of guilt is strong, however, is not a sufficient reason *by itself* to allow the admission of a defendant's statement. *State v. Willis*, 2 S.W.3d 801, 809 (Mo.App. W.D.1999) (emphasis added). There was no question in this case that an altercation occurred. The severity of the altercation was the issue at trial. There was substantial evidence adduced that a vicious assault happened rather than simply "a couple breaking up" as argued by the defense. Given the strength and nature of the evidence, the admission of the undisclosed statement did not result in fundamental unfairness to the defendant.

The trial court did not abuse its discretion in overruling defendant's motion to strike the undisclosed statement. Defendant's first point is denied.

In his second point, defendant asserts that the trial court erred in permitting the State to cross-examine him about his prior convictions for terroristic threats and for manslaughter. He argues that such questioning went beyond impeachment and conveyed his guilt to the jury.

Section 491.050 RSMo 2000 provides that when a person who has been convicted of a crime testifies in a criminal case, "any prior criminal convictions may be proved to affect his credibility.... [P]roof may be either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry...."

The trial court has broad discretion in permitting cross-examination and we will not interfere unless this discretion is clearly abused. *State v. Davenport,* 5 S.W.3d 547, 550 (Mo.App. E.D.1999). A defendant who testifies is subject to cross-examination. *Id.* Prior convictions, including those of the accused, are admissible for impeachment purposes. *Id.* A prosecutor, however, may not unduly emphasize a conviction or delve into the details of the crimes leading to the prior conviction. *Id.* The State is generally prohibited from further examination when a defendant unequivocally, clearly, and concisely testifies to all of his prior convictions, including the nature of the offenses, dates, places, and resulting sentences. *Id.* at 549.

Here, the State's questioning of defendant was relevant to the inquiry into his prior convictions. Concerning the manslaughter conviction, defendant stated on direct examination that he did not have a trial on that conviction. Yet, the State had a document indicating that defendant denied guilt and that the court found him guilty of manslaughter in the first degree. The State was entitled to cross-examine defendant on whether he had pled guilty or had a trial with regard to the man-slaughter conviction. With regard to the terroristic threats conviction, defendant referred to the victim as "him" on direct examination, although his victim was actually a woman. The State could establish the gender of defendant's victim, especially when defendant's testimony was misleading. The trial court did not err in permitting the State to cross-examine defendant about his prior convictions for terroristic threats and for manslaughter. Defendant's second point is denied.

In his third point, defendant charges plain error in the trial court's allowing the State to argue in closing argument that the victim did not testify because she was "terrified." Defendant concedes that this claim was not preserved for appellate review because, although defense counsel objected to the statement at trial, the claim of error was not included in the motion for new trial. Error is not preserved unless it is both objected to throughout trial and included in a motion for new trial. *State v. Pennington,* 24 S.W.3d 185, 188 (Mo.App. W.D.2000).

To reverse a conviction under plain error review on a claim of improper closing argument, a defendant must establish not only that the argument was improper, but also that it had a decisive effect on the outcome of the trial and would amount to a manifest injustice or miscarriage of justice if the error was left uncorrected. *State v. Anderson,* 79 S.W.3d 420, 439 (Mo. banc 2002). Statements made during closing argument will only rarely amount to plain error. *Id.*

During closing argument, defense counsel commented to the jury that the victim was not present at the trial and that they had heard nothing from her. In retaliation, the State argued that the victim was not present because she was terrified.

The objection at trial was that there was no evidence to support that argument.

A prosecutor may retaliate to an issue raised by the defense even if the prosecutor's comment otherwise would be improper. *State v. Clayton*, 995 S.W.2d 468, 479 (Mo. banc 1999). Yet, the prosecutor was not entitled to retaliate if the remarks were not supported by the evidence. Here, there were facts in the record from which it could be inferred that the victim was afraid of defendant. One eyewitness testified that after he and his wife intervened and took the victim into a bookstore, the victim told him that "she thought [defendant] was going to kill her," that "she believed that he was really capable of doing it and she was really afraid for her life." He also stated that as they waited for the police to arrive, defendant stood outside the store, very close to the glass, "glaring." He characterized defendant's behavior as "very intimidating to the victim." His wife, the other eyewitness, testified that the victim said she was afraid of defendant.

We find no error, plain or otherwise. Defendant's third point is denied.

The judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, P.J., and LAWRENCE E. MOONEY, J., concur.