STATE of Missouri, Respondent,

v.

Earl HOPSON, Appellant.

No. ED 84509.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 17, 2005.

Application for Transfer to Supreme Court
Denied June 30, 2005.

Application for Transfer Denied
Aug. 30, 2005.

Craig A. Johnston, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Attorney General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Earl Hopson (Defendant) appeals from the judgment upon his conviction by a jury of resisting arrest, a class D felony, Section 575.150, RSMo 2000,[1] endangering the welfare of a child in the first degree, a class D felony, Section 568.045, and possession of cocaine base, a class C felony, Section 195.202. Defendant was sentenced as a persistent drug offender, Sections 195.275 and 195.285, to concurrent terms of four years' imprisonment for resisting arrest, four years' imprisonment for first-degree endangering the welfare of a child, and ten years' imprisonment for possession of cocaine base. On appeal, Defendant challenges the sufficiency of the evidence to support his convictions for resisting arrest and first-degree child endangerment. Defendant also contends the trial court abused its discretion in precluding Defendant from presenting evidence of police failure to conduct fingerprint test on the plastic baggies, and the trial court plainly erred in overruling Defendant's objection to the State's statement in closing argument that the jury had to believe all of Defendant's testimony or none of it. We affirm.

On appeal, Defendant challenges the sufficiency of the evidence to support his convictions for resisting arrest and endangering the welfare of a child in the first degree.[2] We view the facts in the light most favorable to the verdict. *State v. Chaney*, 967 S.W.2d 47, 49 (Mo. banc 1998). Viewed in the light most favorable

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

2. Defendant does not raise any challenge to the sufficiency of the evidence to support his conviction for possession of cocaine base.

to the verdict, the evidence presented at trial established the following relevant facts. Officer Paul Bachman was on patrol in the city of Jennings between 4:30 and 5:00 p.m. when he was called to respond to the area of Switzer and Jennings Station Road to investigate a complaint of children throwing rocks. When Officer Bachman arrived in the area, he did not locate any children. Officer Bachman, however, noticed Defendant driving a car with a license plate that looked like the tags had been torn away from another license plate. Officer Bachman pulled behind the car as it traveled west on Switzer and ran a check on the license plate. Upon checking, Officer Bachman discovered that no license plate was issued to the car driven by Defendant. Thereafter, Officer Bachman activated his emergency lights in an effort to pull Defendant over.

Defendant slowed down over the length of the street in front of three or four houses and then threw three "off-white chunks" from the driver's side window. Officer Bachman drove up to where Defendant had thrown the "off-white chunks," exited his patrol car, and picked up the three "off-white chunks," which were wrapped in individual plastic baggies. At this point, Defendant who had stopped the car sped off at a high rate of speed. Officer Bachman got back into his patrol car, turned on the siren, and pursued Defendant.

Defendant proceeded down the block to where some people were playing football in the street. The people were able to get out of the way of Defendant's oncoming car after being alerted to the danger by Officer Bachman's patrol car siren. Defendant came within ten to fifteen feet of hitting them. At the end of the block, Defendant turned right onto another street at a speed of about forty miles per hour, making the car appear "to almost go on the two wheels." Once he was halfway down the street, Defendant stopped the car, got out, and ran down the street. Officer Bachman got out of his patrol car and pursued Defendant on foot. At the same time, Officer Bachman called for assistance and provided a description of Defendant. Defendant ran down the street before turning and running through backyards.

Officer Patrick Giratos responded to Officer Bachman's call. When he arrived in the area, Officer Giratos saw Defendant, who matched Officer Bachman's description, walking down the street heading towards the car he had abandoned. Officer Giratos apprehended Defendant and handcuffed him without resistance. Officer Bachman arrived and identified Defendant. At this point, Officer Bachman approached Defendant's car and found Defendant's eight-month-old son in the backseat of the car in a car seat drinking a bottle of formula. The baby started to choke on and spit up the formula, so Officer Bachman removed the baby from the car and patted him on the back until he burped. Officer Bachman contacted the baby's grandfather, who came to get him.

Forensic testing on the "off-white chunks" confirmed that they were cocaine base, weighing a total of .85 grams. Defendant was charged with felony resisting arrest, endangering the welfare of a child in the first degree, and possession of cocaine base.

At the trial, Defendant testified in his own defense. Defendant denied all of the offenses and claimed mistaken identity. Defendant claimed he was a passenger in the car and that the driver was the person who threw the plastic baggie out of the driver's side window and ran from the car. In rebuttal, the State recalled Officer Bachman, who testified that Defendant

was the only man in the car and no one was in the passenger seat.

After the presentation of all the evidence and arguments, the jury found Defendant guilty on all charges. The trial court sentenced Defendant as a persistent drug offender to concurrent terms of four years' imprisonment for resisting arrest, four years' imprisonment for endangering the welfare of a child, and ten years' imprisonment for possession of cocaine base. Defendant now appeals.

■ In his first point, Defendant claims the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence and entering judgment and sentence on the jury's guilty verdict of felony resisting arrest because the State did not put forth sufficient evidence to prove all the elements of the crime. Defendant contends there was insufficient evidence to prove Officer Bachman was making an arrest of Defendant, and that Defendant reasonably should have known Officer Bachman was making an arrest of him. We disagree.

■ In examining the sufficiency of the evidence, our review is limited to a determination of whether there is sufficient evidence from which a reasonable trier of fact might have found the defendant guilty beyond a reasonable doubt. *Chaney*, 967 S.W.2d at 52. In applying this standard, we accept as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *Id.*

Section 575.150 sets forth the crime of resisting or interfering with arrest. Section 575.150 provides, in pertinent part:

1. A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:

(1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer; ...

This section applies to "arrests, stops or detentions with or without warrants and to arrests, stops or detentions for any crime, infraction or ordinance violations." Section 575.150.2. Resisting or interfering with an arrest for a felony is a class D felony. Section 575.015.5.

From the evidence the jury could properly find Officer Bachman was making an arrest of Defendant for felony possession of a controlled substance, and that Defendant fled from Officer Bachman for the purpose of preventing that arrest. The record indicates that Defendant stopped his car after throwing out the white chunks of cocaine base. It was not until Officer Bachman picked up the plastic baggies of cocaine that Defendant began to flee.[3] Officer Bachman immediately got in his patrol car, turned on the siren, and

---

**3.** Defendant attempts to focus on the initial stop of Defendant. At the time of the initial stop, Officer Bachman had no intent of arresting Defendant for a felony, nor would Defendant have reasonably believed that he was being arrested. However, the crime was committed after the initial stop when Defendant threw cocaine out of the window and Officer Bachman recovered the cocaine. At that point, Defendant fled from Officer Bachman in an effort to resist arrest for possession of cocaine base.

pursued Defendant. Defendant then abandoned his car and fled on foot. Officer Bachman also got out of his car and pursued Defendant on foot. Once Defendant was apprehended, he was placed under arrest. The reasonable inference from the evidence was that Defendant was being arrested for possession of the cocaine base recovered by Officer Bachman.

Defendant contends the evidence that Officer Bachman was actually arresting Defendant was insufficient because there was no testimony from Officer Bachman that he was arresting Defendant for the possession of cocaine charge. Defendant cites two cases in support of his argument that such testimony was required, *State v. Long,* 802 S.W.2d 573 (Mo.App. S.D.1991), and *State v. Wanner,* 751 S.W.2d 789 (Mo. App. E.D.1988). Those cases, however, are inapposite to this case. There was no evidence that the defendants in either case had committed the offense for which they would be arrested prior to their flight. *Long,* 802 S.W.2d at 574–77; *Wanner,* 751 S.W.2d at 790–91. In both cases, the officers specifically denied an intention to arrest the defendants until after they fled, and then admitted that they decided to arrest only because the defendants fled. *Long,* 802 S.W.2d at 575; *Wanner,* 751 S.W.2d at 791.

■ Here, while Officer Bachman never specifically testified he was arresting Defendant for possession at the time Defendant fled, he also never testified that he was not arresting Defendant for possession or that he was only arresting Defendant for fleeing. The reasonable inference from Officer Bachman's actions following the discovery of the cocaine and Defendant's subsequent flight was that Officer Bachman was arresting Defendant for possession of cocaine. It is not necessary for the officer to say "you are under arrest" when the circumstances indicate the officer is attempting an arrest. *State v. Chamberlin,* 872 S.W.2d 615, 619 (Mo.App. W.D. 1994).

Moreover, Defendant admitted at the trial that he had twice been convicted of possession of a controlled substance, one of the convictions with the intent to deliver. Based on his own experience, Defendant would have known that the possession of a controlled substance, in this case cocaine, would result in his arrest. Defendant knew, or at the very least, reasonably should have known, that he was being arrested for possessing the cocaine base he threw out of the window of his car, and fled in an effort to avoid that arrest. The evidence was sufficient to support Defendant's conviction for felony resisting arrest. Point one is denied.

■ In his second point, Defendant contends the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence and entering judgment and sentence on the jury's guilty verdict of felony first-degree endangering the welfare of a child because the State did not put forth sufficient evidence to prove all the elements of the crime. Defendant maintains there was insufficient evidence from which a reasonable juror could find beyond a reasonable doubt that Defendant "knowingly" created a "substantial risk" to his child's life, body, or health. We disagree.

■ A person commits the crime of endangering the welfare of a child in the first degree if "[t]he person knowingly acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old." Section 568.045.1(1). In determining whether actions rise to this level, we look at the totality of the circumstances as presented by the evidence. *State v. Kuhn,* 115 S.W.3d 845, 849 (Mo.App. E.D.2003). The

mental elements of the defendant's knowledge may be proven by direct or circumstantial evidence and reasonable inferences drawn from the circumstances surrounding the event. *Id.* The statute does not require severe injuries that endanger a child's welfare, but rather that the act of the defendant himself creates a substantial risk of harm. *Id.*

Here, the jury had to find sufficient evidence to support that Defendant knowingly created a substantial risk to the life, body, or health of his eight-month-old son when he led "police on a car chase and exited the vehicle to run while [his son] was in the vehicle."[4] We find there was sufficient evidence to support the jury's verdict.

Here, Defendant created an actual risk of substantial harm to his child's life, body, or health by knowingly engaging in a car chase with police while his son was in the back of the car. According to Officer Bachman, Defendant was driving his car at a "high rate" or "rapid rate" of speed.[5] Officer Bachman stated Defendant's speed got up to about fifty miles per hour and that Defendant had to slow down to forty miles per hour prior to turning. Although there was no indication of the posted speed limits in the area, the jury could have made a reasonable inference that the area where the chase took place was a residen-

tial neighborhood where the streets were lined with houses and there were pedestrians playing football in the streets. Thus, the jury could reasonable infer that in residential areas the speed limits would have been lower than fifty miles per hour.

Defendant drove in a manner practically certain to result in an accident, thus placing the child in a substantial risk of injury. Defendant was actively fleeing from police. Defendant did not slow down as he approached the pedestrians in the street, and due to his high speed came within ten to fifteen feet of striking them. Furthermore, Defendant turned the corner at about forty miles per hour, nearly causing his car to go on two wheels. Turning at such a high speed in such a manner made it practically certain that Defendant would lose control of his car and wreck, causing injury to the child in the car. There was sufficient evidence that Defendant knowingly drove his car in an attempt to flee from police that created a substantial risk to the life, body, or health of his son. Defendant's conviction for endangering the welfare of a child in the first degree is supported by the evidence. Point two is denied.

■ In his third point, Defendant argues the trial court abused its discretion in

4. This is the language contained in the verdict-directing instruction for endangering the welfare of a child in the first degree.

5. While there is no Missouri case directly on point, the State cites to two cases where other states with similar child endangerment statutes have found that engaging in a high speed chase in an attempt to evade police with children in the car created a substantial risk of harm. *State v. Anspach,* 627 N.W.2d 227 (Iowa 2001); *Snow v. Commonwealth,* 33 Va. App. 766, 537 S.E.2d 6 (2000). Although these cases can be distinguished on some factual grounds, we find their logic persuasive to the case at hand. In *Anspach,* the Iowa

Supreme Court held evidence that the defendant, while attempting to flee from police, was driving nearly twenty miles per hour over the speed limit with four small children scattered in the cab of his truck not properly restrained was sufficient to support substantial risk to the children's physical health or safety. *Anspach,* 627 N.W.2d at 232–34. In *Snow,* the Virginia Court of Appeals held the defendant's action of driving at speeds at over one hundred miles per hour with children in the car in an attempt to avoid police was "willful" and "so gross, wanton and culpable as to show a reckless disregard for human life." *Snow,* 537 S.E.2d at 9–11.

precluding Defendant from presenting evidence that the police failed to perform any fingerprint analysis on the plastic baggies containing the cocaine. Defendant maintains the evidence was relevant. We disagree.

Prior to trial, Defendant filed a motion to allow questioning about the lack of fingerprint testing on the plastic baggies.[6] Defendant contended that he did not possess the baggies, that the baggies belonged to another person, and that the other person's fingerprints might have been left on the baggies. At trial, during cross-examination of Officer Bachman, Defendant asked if the police performed any test or analysis in order to connect Defendant to the plastic baggies containing the cocaine. The State objected, noting the trial court had earlier overruled Defendant's motion concerning the lack of fingerprint testing. The trial court sustained the objection. Defendant made an offer of proof with Bachman's testimony. Bachman stated that no fingerprint analysis had been done on the baggies, but that the crime lab could have conducted such an analysis. The trial court again sustained the State's objection. Finally, prior to closing argument, Defendant again requested the trial court to reconsider its ruling and allow Defendant to argue the lack of fingerprint testing. The trial court denied Defendant's request.

■■■ The trial court has broad discretion in ruling on the admission or exclusion of evidence at trial. *State v. DeClue,* 128 S.W.3d 864, 868 (Mo.App. S.D.2004). Absent a clear abuse of discretion, we will not disturb the trial court's ruling regarding the admission or exclusion of evidence. *Id.* An abuse of discretion occurs when the trial court's evidentiary ruling is clearly against the logic of the circumstances be-

fore the court, and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful and deliberate consideration. *State v. Wilson,* 105 S.W.3d 576, 583 (Mo.App. S.D.2003). If reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Id.*

■■■ Here, the police did not conduct fingerprint analysis on the plastic baggies. The State, however, is not required to take fingerprints from objects allegedly touched by a defendant. *State v. Holmes,* 389 S.W.2d 30, 34 (Mo.1965); *State v. Schneider,* 736 S.W.2d 392, 402 (Mo. banc 1987). The State is not bound to gather and present all physical evidence conceivably germane to its case in chief. *Schneider,* 736 S.W.2d at 402. More precisely, the State is not required to account for its failure to gather or present such evidence. *Id.* Thus, a defendant is not entitled to argue an adverse inference from the State's failure to take fingerprints. *Schneider,* 736 S.W.2d at 402; *State v. Hope,* 954 S.W.2d 537, 546 (Mo. App. S.D.1997). We cannot say the trial court abused its discretion in following prior case law and logic and refusing to admit evidence of the lack of fingerprint testing. Point three is denied.

■■■ In his fourth and final point, Defendant asserts the trial court plainly erred in overruling Defendant's objection to the State's statement in closing argument that the jury could not just believe part of Defendant's testimony, but rather the jury had to believe either all or none of it. Defendant argues the statement misstates the law and the comment had a decisive effect on the jury. We disagree.

6. The record does not clearly reflect when   this motion was denied.

During the rebuttal portion of the State's closing argument, the following occurred:

[PROSECUTOR]: [Defense counsel] asked you not to disbelieve [Defendant] because he's not polished. If you call lying being not polished, okay. But you can't believe part of it, just pick and choose portions that you want to believe and don't want to believe.

[DEFENSE COUNSEL]: Misstates the jury's obligation.

THE COURT: Overruled.

[PROSECUTOR]: If you don't believe it all, you can't believe any of it.

While Defendant objected to statement at trial, he did not include the allegation of error in his motion for new trial and therefore, did not preserve the issue for appeal. *State v. Jones*, 128 S.W.3d 110, 113 (Mo.App. E.D.2003). Thus, we review for plain error only. Rule 30.20. To reverse a conviction under plain error review on a claim of improper closing argument, a defendant must establish not only that argument was improper, but also that it had a decisive effect on the outcome of the trial and would amount to manifest injustice or miscarriage of justice if the error was left uncorrected. *Id.* Statements made during closing argument will only rarely amount to plain error. *Id.*

In closing argument, the prosecutor is permitted to comment on the evidence and the credibility of witnesses, and in doing so, may even belittle and point to improbability and truthfulness of specific evidence. *State v. Storey*, 40 S.W.3d 898, 910 (Mo. banc 2001). When the remarks at issue here are viewed in the context of the entire argument, clearly the prosecutor was challenging Defendant's credibility. Here, the prosecutor's comments were not an attempt to define the law regarding the jury's evaluation of witness credibility,

but was a rhetorical device to explain that because Defendant was obviously lying about some things, none of his testimony should be believed. This is evident from the context in which the comment was made.

During his closing argument, defense counsel made the following argument:

Now, you'll say, well, I don't know if I can believe a lot of the things that [Defendant] said. Well I'm not asking you to believe everything that [Defendant] said. I'm asking you to believe that he didn't have the drugs. That's what I'm asking you to believe.

In response, the prosecutor started his rebuttal argument as follows:

[Defense counsel] just said—I'm trying to get this right—he just told you he's not asking you to believe everything that [Defendant] said, just the fact that he wasn't possessing the drugs. Ladies and gentlemen, it can't happen like that. If you don't believe—if there's something you don't believe, you can't believe any of his testimony. If he lied once, he lied over and over and over again, and [defense counsel] says that I'm asking to you [sic] believe everything the police officer says. Well, yeah, he's telling you the truth. If he was making something up and trying to put a case on [Defendant], why would it have been throwing it on the street and picking it off the street? Why wouldn't he have found it in his pocket when he arrested him, if he was going to make up a story. He could make up a tighter case than that. Do you understand he's not lying. He's telling you what it was.

Shortly thereafter, the prosecutor made the challenged comment, immediately followed by the following:

If you don't believe it all, you can't believe any of it. I submit to you his story was changing right in front of your

very eyes. He kept rambling on and a person who rambles like that is making it up as he goes along. You all heard him. He's not credible.

The context surrounding the comments demonstrates that the prosecutor's comment was not a statement on the law, but a factual statement based on the nature and quality of Defendant's testimony. We find no error plain or otherwise in the trial court's overruling Defendant's objection to the statements. Point four is denied.

The trial court's judgment and sentence is affirmed.

PATRICIA L. COHEN, P.J. and KATHIANNE KNAUP CRANE, J., concur.