**STATE of Missouri, Plaintiff–Respondent,**

v.

**Vernon F. WRIGHT, Defendant–Appellant.**

**No. 27430.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 23, 2007.

Margaret M. Johnston, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Victor J. Melenbrink, Assistant Attorney General, for respondent.

PHILLIP R. GARRISON, Judge.

Vernon F. Wright ("Defendant") appeals the jury conviction of first-degree statutory sodomy, a violation of Section 566.062.[1] He contends that the trial court erred in failing to *sua sponte* declare a mistrial or issue a curative instruction when a witness testified that, in her opinion, there was no reason to disbelieve the victim, and in allowing the prosecutor, in closing arguments, to ask the jury to put themselves in the victim's shoes because such personalizing caused manifest injustice and a miscarriage of justice. We affirm.

On appeal, we review the evidence in the light most favorable to the jury's verdict, disregarding all contrary evidence and inferences. *State v. Price*, 165 S.W.3d 568, 570 (Mo.App. S.D.2005). Employing this standard, the following was adduced at trial.

---

1. All references to statutes are to RSMo (2000) and all references to rules are to Missouri Rules of Criminal Procedure (2005), unless otherwise indicated.

In June 2004, twelve-year-old C.J. ("Victim") was living with Joyce McDonald ("McDonald"), Defendant's mother. Victim's mother was married to Defendant's brother and Victim wanted to live with her grandparents.[2]

One evening in June 2004, Victim returned to the McDonald house from the skating rink and called her boyfriend. During this telephone conversation they got into a fight and Victim hung up. After the call ended, Victim went to Defendant's bedroom to return the telephone. While sitting on the edge of his bed, Victim started telling Defendant about her argument with her boyfriend and Defendant seemed sympathetic. At that time, Victim was wearing a pair of boxer shorts and a t-shirt. Sometime during their conversation, Victim felt something wet on her arm and did not know what it was. Victim asked Defendant why her arm kept getting wetter and wetter, and he told her that he had ejaculated and that it was semen. Defendant then moved Victim's shorts to the side and touched her on her "private." Defendant went on to put his finger inside of Victim's vagina and moved it from side to side for approximately ten to fifteen minutes, which hurt Victim. After this incident Victim returned to her bedroom.

A few days later, Victim told her friend what Defendant had done to her. The friend then told Victim's biological grandfather, who reported the incident to the authorities. Victim was then taken to the hospital to be examined.

Defendant was charged in an amended felony information with statutory sodomy in the first degree, a violation of Section 566.062, as a prior and persistent offender. A jury found Defendant guilty and the court sentenced him to twenty years in the

department of corrections. Defendant appeals this judgment and sentence.

■ In his first point, Defendant claims the trial court erred when it failed to *sua sponte* intervene and declare a mistrial or issue a curative instruction when an investigator for the Missouri's Children Division testified that there was no reason to disbelieve Victim. Defendant says this testimony was an impermissible opinion of another witness's credibility, which invaded the province of the jury and made it likely that the jury convicted Defendant because of Victim's improperly bolstered credibility.

■ Julie Steele, an investigator for the Missouri's Children Division, testified as follows during the State's redirect:

Q: Do you have any reason to disbelieve this victim in this case?

A: No.

[Defense Counsel]: I object to that, Judge. Can we approach?

[State]: Well, you asked her—

The Court: Be—Be sustained.

[State]: Nothing further then, Judge.

The Court: Thank you, ma'am. You may step down.

As indicated, Defendant's objection was sustained. He did not ask the trial court for any additional relief such as requesting a curative instruction, moving that the question and answer be stricken, or moving for a mistrial. As such, the trial court granted the Defendant all of the relief he requested and he cannot now claim error. *State v. Vaught*, 34 S.W.3d 293, 295 (Mo. App. W.D.2000). *See also State v. Sand*, 731 S.W.2d 488, 492 (Mo.App. S.D.1987) (where objection is sustained and no further request for additional relief is made,

2. Defendant's brother is not Victim's biological father; he is her step-father. As such, Victim is not a blood relative to Defendant or McDonald; they are related through marriage.

nothing is preserved for appellate review). As indicated in Defendant's point relied on, he acknowledges this, but requests that we review pursuant to Rule 30.20 to determine if it was plain error for the trial court to fail to *sua sponte* intervene and declare a mistrial or give a curative instruction.

Rule 30.20 provides, in pertinent part, that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." If in our discretion we decide to review for plain error, Defendant must show that the trial court's error so substantially violated his rights that manifest injustice or a miscarriage of justice would result if the error is left uncorrected. *State v. Taylor*, 166 S.W.3d 599, 604 (Mo.App. S.D.2005). Plain error is error that is evident, obvious, and clear. *Id.* A claim of plain error places a much greater burden on a defendant than an assertion of prejudicial error. *Id.* at 603. Plain error and prejudicial error are not synonymous terms, and mere allegations of error and prejudice will not suffice for reversal under plain error review. *State v. Goudeau*, 85 S.W.3d 126, 130 (Mo.App. S.D.2002). Plain error is to be applied sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review. *State v. Roberts*, 948 S.W.2d 577, 592 (Mo. banc 1997). Finally, a trial judge should act *sua sponte* in the trial of a case only in exceptional circumstances. *State v. Thomas*, 965 S.W.2d 396, 401 (Mo.App. S.D.1998).

In support of this point, Defendant relies on *State v. Churchill*, 98 S.W.3d 536, 538 (Mo. banc 2003), in which an examining physician was permitted to testify, over defendant's objection, that the sexual abuse described by the victim "was real." Our Supreme Court reversed the conviction, holding that the testimony was "particularized," rather than a "generalization," and that the trial court committed reversible error by refusing to sustain defendant's objection. *Id.* at 539. As is evident, *Churchill* did not involve a claim of plain error, but rather involved an erroneous evidentiary ruling.

*State v. Thompson*, 985 S.W.2d 779 (Mo. banc 1999), however, did involve a review for plain error. There, the trial court sustained defendant's objection to a question posed to the sheriff about whether it was his opinion that defendant had feigned a memory loss. *Id.* at 788. Our Supreme Court, noting that no additional relief was requested, held that the trial court did not err in failing to *sua sponte* declare a mistrial. *Id.* at 788.

Likewise, in *State v. Davenport*, 5 S.W.3d 547, 550 (Mo.App. E.D.1999), the defendant complained that the trial court failed to *sua sponte* declare a mistrial or instruct the jury to disregard a statement by the prosecutor during argument. Like the instant case, the defendant's objection to the statement was sustained, but no further relief was requested. *Id.* The appellate court denied relief. *Id.*

The Supreme Court of Missouri, in *State v. Nolan*, 872 S.W.2d 99, 103 (Mo. banc 1994) (overruled on other grounds by *Deck v. State*, 68 S.W.3d 418, 427 (Mo. banc 2002)), stated:

> Manifest injustice or miscarriage of justice is not an easy phrase to define. Indeed the cases give the distinct impression that "plain error" is a concept appellate courts find impossible to define, save they know it when they see it. Whether an appellate court should take notice of an error not raised below must be made on the facts of the particular case, and there are no hard and fast classifications in either the application of the principle or the use of a descriptive

title. (internal quotations and citations omitted).

In addition to the authorities cited above, there are factual considerations in this case that lead us to deny relief for plain error. First, the response to the question was brief and there was no elaboration. The objection and the trial court's ruling were in the presence of the jury. Additionally, the jury was instructed that "you alone must decide upon the believability of the witnesses and the weight and value of the evidence." Finally, there was no reference made to the comment during argument. In short, we are unable to discern that the trial court committed plain error under the applicable standards discussed above by failing to inject itself into the trial and take further action that was not requested by Defendant. Point denied.

■ In his second point, Defendant claims the trial court plainly erred in allowing the prosecutor, during closing argument, to ask the jury to put themselves in Victim's shoes because this was improper and was designed to inflame the passions and prejudices of the jury. As Defendant acknowledges, he did not object to that argument, and therefore preserved nothing for appellate review. *State v. Tabor,* 193 S.W.3d 873, 878 (Mo.App. S.D.2006). Accordingly, he also asks us to review this claim for plain error under Rule 30.20, contending that "such personalizing caused a manifest injustice and a miscarriage of justice."

The statement of the prosecutor that Defendant claims was erroneously allowed by the trial court was as follows:

I'd like to leave you just with one last thing. I'd like you to put yourself in [Victim's] shoes. She's nervous. Clear—I think that was clear from her demeanor. As an adult, it is probably difficult for any one of you to talk about sexual matters, even if they're consensual sexual matters, in front of other adults. Imagine what it's like to be a 13–year–old girl, who's awkward, who's pubescent, who is trying to find her way in the world to come before nearly 20 people and talk about something that wasn't consensual, that—of someone who should have been a family member who cared about her, who's perp'ing (sic) on her. Please put your shoes in her—your feet in her shoes and imagine how nervous you would be.

Defendant claims that allowing the prosecutor to make this statement was erroneous because the prosecutor was asking the jurors to feel sorry for Victim and put themselves in the place of a young girl whose family member committed a sexual act against her.

In support of his claim Defendant cites us to three cases: *State v. Rhodes,* 988 S.W.2d 521 (Mo. banc 1999); *State v. Storey,* 901 S.W.2d 886 (Mo. banc 1995); and *State v. Long,* 684 S.W.2d 361 (Mo.App. E.D.1984). Those cases, however, do not require the relief Defendant seeks.

*Rhodes* involved an argument in the penalty phase of a murder case. 988 S.W.2d at 528–29. While the Supreme Court of Missouri reversed the death sentence for an argument by the prosecutor that told the jury to imagine being the victim as he described the details of the attack, it is important that it was made over the objection of defendant. *Id.* at 528. In doing so, the Court defined a "personalized" argument as one that "suggests a personal danger to the jury or their families," which it said the prosecutor did by asking the jurors to put themselves in the victim's place and then graphically detailing the crime as if the jurors were the victims. *Id.* at 528–29. Significantly, the Court said "[t]rue, a similar improper

argument may not require reversal, especially where there is no objection or there is a curative instruction." *Id.* at 529.

Defendant also cites *Storey,* in which the Court reversed a death sentence that involved a trial in which the prosecutor asked the jury to put themselves in the victim's place and imagine the details of being killed as she was. 901 S.W.2d at 901. That relief was granted, however, because of ineffective assistance of counsel by failing to object to that argument. *Id.* at 902. With reference to contentions about prosecutorial arguments in the guilt phase, the Court said that a trial court should rarely grant relief for plain error for guilt phase closing argument. *Id.* at 897.

Finally, in *Long,* the appellate court reversed a conviction in part because the prosecutor's closing argument invited the jurors to become the victim in describing the details of the crime. *Id.* at 364–66. Again, unlike the instant case, the argument was objected to and the issue was preserved for appellate review.

Not only are those cases factually dissimilar from the instant one for the above reasons, but here the jurors were not asked to place themselves in the victim's shoes and imagine the details of the crime being committed on them. Rather, the jury was asked to imagine being the thirteen-year-old victim and being asked to testify about sexual matters in front of adult strangers. This did not suggest a personal danger to the jury or their families and thus did not constitute improper personalization as defined in *Rhodes,* 988 S.W.2d at 528. Instead, it was an attempt by the prosecutor to explain to the jury why Victim appeared nervous while testifying and, in effect, made Victim's testimony more credible. "Within the broad limits of closing argument, it is the prosecutor's right to comment on the witnesses'

credibility from the state's viewpoint." *State v. Hamilton,* 847 S.W.2d 198, 200 (Mo.App. E.D.1993).

It is noteworthy that statements made during closing argument rarely constitute plain error. *State v. Lloyd,* 205 S.W.3d 893, 908 (Mo.App. S.D.2006). Without an objection by counsel, a trial court's options are narrowed to uninvited interference with summation, which may itself constitute error. *Id.; State v. Griffin,* 202 S.W.3d 670, 681 (Mo.App. W.D. 2006). For the Defendant to carry his burden of showing plain error he must prove that the prosecutor's statement had a decisive effect on the jury's verdict. *Lloyd,* 205 S.W.3d at 908. The prosecutor's statement is decisive when there is a reasonable probability that the verdict would have been different had the error not been committed. *Griffin,* 202 S.W.3d at 681. We find no such reasonable probability here. Finding no plain error, this point is denied.

The judgment of the trial court is affirmed.

BATES, C.J., and LYNCH, J., concur.