DON E. BURRELL, P.J.
A jury found Allen E. Tucker ("Defendant") guilty of the class-B felony of sexual abuse in the first degree and the unclassified felony of attempted enticement of a child.[1] See sections 566.100 and 566.151, RSMo Noncum. Supp. 2014. In three points relied on, Defendant appeals his resulting convictions, claiming the trial court abused its discretion in admitting testimony from two separate witnesses about prior conduct by Defendant alleged to qualify as uncharged crimes admissible under article I, section 18(c) of the Missouri Constitution ("Section 18(c) Propensity Evidence"). Defendant also claims the trial court plainly erred in refusing to, sua sponte , declare a mistrial after the State asked Defendant whether his father was in prison for molesting his own granddaughter. Finding no reversible error in any of Defendant's points, we affirm.
The Evidence
Viewed in the light most favorable to the verdict, see State v. Ernst , 164 S.W.3d 70, 72 (Mo. App. S.D. 2005), the following evidence was adduced at trial. The victim in the case ("Victim") was approximately twelve years old at the time of the alleged offenses and had a family connection to Defendant. Victim was regularly dropped off at Defendant's house by the school bus. Victim also spent the night at Defendant's home from time to time.
Victim testified that Defendant first touched her inappropriately in his living room when she was in middle school. Victim was sitting on the couch, and Defendant moved closer to her. Defendant said that he was not going to hurt her, then touched her vaginal area "skin to skin[.]" Defendant also touched her breasts in the living room on a different day.
Over a period of time, Defendant touched Victim between her legs more than ten times. He also put his finger inside Victim's vagina, causing it to bleed. One morning, after spending the night in Defendant's home, Defendant came into Victim's bedroom, exposed his penis, and offered her $200 to have sex with him.
*378 Victim did not tell anyone about Defendant's abuse because she did not think that anyone would believe her. The abuse continued on a regular basis until Victim finally told her best friend about what was happening to her. This friend urged Victim to tell her mother about the abuse. Victim did so, and her mother promptly called the authorities.
The State charged Defendant with sexual abuse in the first degree for knowingly having sexual contact with Victim ("Count I") and enticement of a child for offering Victim $200 to have sex with him ("Count II").
Prior to trial, the State notified the trial court that it intended to offer Section 18(c) Propensity Evidence from another relative of Defendant, L.B. ("L.B."), about what the State alleged to be the uncharged crime of harassment that Defendant had committed against her. During a pretrial hearing, the trial court announced that it would not be allowing that evidence in, but it would allow the State to make an offer of proof during the trial.
During that offer of proof, taken after the State's opening statement, L.B. testified that she and Defendant were riding together in a car in 2005 when Defendant placed his hand on her thigh and said he would give her $200 if she would let him see her breasts. L.B. was around 22 years old at the time. She also testified that she found his language offensive, and she expected Defendant to touch her in some offensive way. Upon considering the offer of proof, and the arguments of counsel, the trial court stated that it would allow L.B. to testify at trial before the jury consistently with the testimony she gave during the offer of proof.
The trial court also allowed another witness, K.F., to testify that Defendant, a relative, told her ten years previously (when she was 16 years old), "I'll give you $20.00 if you show me your pussy." Prior to trial, Defendant filed a "Motion to Exclude [K.F.] from Testifying," which the trial court denied in a docket entry after an off-the-record argument conducted in chambers. Defendant did not object at trial to K.F.'s testimony.
Defendant took the stand in his own defense and denied committing any of the acts alleged by Victim, L.B., and K.F. The jury found Defendant guilty on both counts, and it recommended sentences of 15 years on each count. The trial court imposed the recommended 15-year sentences, running them consecutively to produce a total sentence of 30 years. This appeal timely followed.
Analysis
Point 2 - Evidence from K.F.
For ease of analysis, we review Defendant's second point first. It claims the trial court abused its discretion in permitting K.F. to testify to an alleged uncharged crime because the probative value of the evidence was substantially outweighed by the unfair prejudice to Defendant.
The claim is not preserved because Defendant did not object to K.F.'s testimony at trial, McHaffie v. Bunch , 891 S.W.2d 822, 830 (Mo. banc 1995) (failing to object to testimony at trial fails to preserve the issue for appellate review), and Defendant does not claim that admitting it rose to the level of plain error. We therefore decline to exercise our discretion to review this point for plain error. State v. Morgan , 366 S.W.3d 565, 586 (Mo. App. E.D. 2012) (declining to exercise discretion for plain error review of unpreserved issue where defendant did not request the same). Point 2 is denied.
Point 1 - Evidence from L.B.
Point 1 claims the trial court abused its discretion in permitting L.B.'s *379 testimony about an uncharged crime because the incident did not constitute a crime, and it was not logically or legally relevant to the charges for which Defendant was being tried. Assuming, arguendo , that this point is preserved for review -- and that the trial court erred in admitting her testimony -- we do not believe that it was outcome-determinative.
We review the admission of evidence for abuse of discretion, but we may reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. State v. Prince , 534 S.W.3d 813, 818 (Mo. banc 2017). Such a deprivation occurs if the evidence "was 'outcome determinative,' that is, whether 'the erroneously admitted evidence so influenced the jury that, when considered with and balanced against all the evidence properly admitted, there is a reasonable probability that the jury would have reached a different conclusion but for the erroneously admitted evidence.' " State v. Driscoll , 55 S.W.3d 350, 356 (Mo. banc 2001) (quoting State v. Barriner , 34 S.W.3d 139, 150 (Mo. banc 2000) ). "The admission of evidence which is claimed to be evidence of other, unrelated crimes does not result in reversible error if like evidence has previously been admitted and the evidence to which the objection has been raised is thus merely cumulative." State v. Griffin , 876 S.W.2d 43, 45 (Mo. App. E.D. 1994).
L.B.'s testimony was received based on a belief that it was admissible under Missouri Constitution article 1, section 18(c) as an uncharged criminal act demonstrating that Defendant had a propensity to engage in sexual misconduct with young women by offering them money in exchange for sexual favors. Similar evidence was also presented to the jury, without objection, via K.F.'s previously-noted testimony. L.B., like K.F., testified that Defendant offered her money to expose a private part of her body, presumably for Defendant's sexual pleasure.
"When improperly admitted evidence is merely cumulative to other properly admitted evidence, the admission of the evidence is not prejudicial." State v. Myers , 248 S.W.3d 19, 25 (Mo. App. E.D. 2008) (quoting State v. Newlon , 216 S.W.3d 180, 187 (Mo. App. E.D. 2007) ). Here, L.B.'s testimony was cumulative to that provided by K.F., and it was arguably less damaging because L.B. was an adult at the time of the occurrences while K.F. was a minor. Under these circumstances, we cannot say there was a reasonable probability that the jury would not have convicted Defendant but for L.B.'s testimony. Point 2 is denied.
Point 3 - Failure to Sua Sponte Declare a Mistrial
Point 3 claims the trial court plainly erred in "refusing to sua sponte declare a mistrial or take any curative action after the prosecutor questioned [Defendant] whether his father was 'in prison in North Carolina for molesting his granddaughter[.]' " We disagree.
During cross-examination, the state questioned Defendant as follows:
[The state:] Is your mother here present today?
[Defendant:] Yes.
[The state:] Is your father here today?
[Defendant:] No.
[The state:] Why isn't your father here present supporting you today?
[Defendant:] He's in prison.
[The state:] He's in prison?
[Defendant:] Yes.
[The state:] He's in prison in North Carolina for molesting his granddaughter?
Defendant's counsel immediately objected to the question. The trial court *380 sustained the objection and Defendant did not answer the question. Defendant did not request a mistrial or any other curative action, and he concedes that his point is reviewable only for plain error. State v. Durham , 371 S.W.3d 30, 37 (Mo. App. E.D. 2012). Plain errors are errors that are evident, obvious, and clear. State v. Baumruk , 280 S.W.3d 600, 616 (Mo. banc 2009).
"Our review for plain error of a trial court's failure to sua sponte declare a mistrial is extremely limited." Durham , 371 S.W.3d at 37 (quoting State v. Stites , 266 S.W.3d 261, 266 (Mo. App. S.D. 2008) ). A mistrial is a drastic remedy that should only be used sparingly in extraordinary situations. Stites , 266 S.W.3d at 266. "If the drastic remedy of a mistrial is warranted, it is the responsibility of counsel to request that relief." State v. Thurman , 272 S.W.3d 489, 498 (Mo. App. E.D. 2008).
While we do not condone the improper question asked by the prosecutor, we find no error, plain or otherwise, in the trial court's failing to sua sponte grant a mistrial in response to it. As noted, Defendant's objection to the question was sustained. He did not ask the court for a mistrial or any other relief, such as ordering the question stricken from the record or giving a curative instruction. State v. Wright , 216 S.W.3d 196, 198 (Mo. App. S.D. 2007). Defendant, having received from the trial court all the relief he requested, cannot now claim error. Id. Point three is also denied, and the judgment of the trial court is affirmed.
NANCY STEFFEN RAHMEYER, J. - CONCURS
GARY W. LYNCH, J. - CONCURS

A third count charged Defendant with sexual exploitation of a minor, but the State dismissed that count prior to trial.