

# Missouri Court of Appeals

## Southern District

### Division One

| | |
|---|---|
| ALLEN TUCKER, | ) |
| | ) |
| Appellant, | ) |
| | ) No. SD36845 |
| vs. | ) |
| | ) **Filed: September 22, 2021** |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

### APPEAL FROM THE CIRCUIT COURT OF IRON COUNTY

Honorable Kelly W. Parker, Judge

## AFFIRMED

A jury found Allen Tucker guilty of first-degree sexual abuse and attempted enticement of a child. We affirmed those convictions on direct appeal. ***State v. Tucker***, 564 S.W.3d 376 (Mo.App. 2018). Tucker moved for post-conviction relief ("PCR") under Rule 29.15 (2018),[1] alleging ineffective assistance of counsel among other claims. The motion court denied relief after an evidentiary hearing.

On appeal, Tucker persists in three of his claims that he received ineffective

---

[1] Tucker's original motion was timely filed. Appointed counsel filed an untimely amended PCR motion along with a request for declaration of abandonment. The motion court conducted an independent inquiry, determined that Tucker had been abandoned by appointed counsel, and permitted Tucker to proceed on the amended PCR motion.

assistance of counsel:  (1) trial counsel's ("Counsel") failure to object to a deputy's comment about Tucker's invocation of his right to remain silent:  "I asked him a few basic questions and he just kept denying anything and at that time he said his lawyer told him not to speak anymore," (2) Counsel's failure to object to testimony from a forensic interviewer purportedly vouching for the credibility of the victim, and (3) Counsel's failure to object to the prosecutor asking Tucker during cross-examination to comment on the veracity of other witnesses:  "So you want everyone to believe that everyone is lying except for you?"

### Legal Principles

We review the denial of a PCR motion for clear error.  *Staten v. State*, No. SC98780, slip op. at *4 (Mo. banc June 29, 2021).  We presume the ruling is correct and the movant bears the burden to prove otherwise.  *Id.*  We view the facts in the light most favorable to the judgment.  *Id.*

To prevail on a claim that he received ineffective assistance of counsel, Tucker must satisfy both the performance and prejudice prongs of the *Strickland*[2] test.  *Staten*, slip op. at *4.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  "Trial strategy decisions may be a basis for ineffective counsel only if that decision was unreasonable."  *Johnson v. State*, 406 S.W.3d 892, 899 (Mo. banc 2013).  "'Strategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable.'" *Id.* (quoting *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006)).

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

"'Failure to object to evidence is not sufficient, in and of itself, to constitute ineffective assistance of counsel.'" **Hood v. State**, 611 S.W.3d 865, 868 (Mo.App. 2020) (quoting **Hays v. State**, 360 S.W.3d 304, 312 (Mo.App. 2012)). In order to prevail on a claim of ineffective assistance of counsel for failure to object to evidence, Tucker bears the burden of proving, among other things, that the failure to object was not strategic and was prejudicial. **Id.**

## Discussion

The motion court found Counsel chose not to object as a matter of trial strategy. The evidence presented at the motion hearing supports this finding. Counsel generally sought to avoid excessive objections so as not to create the perception Tucker was afraid of the jury hearing from witnesses. Counsel also testified to deliberate, strategic reasons for not objecting to the specific testimony at issue in this appeal:

1. Counsel believed the portion of the deputy's statement that, "[Tucker] just kept denying anything" was advantageous to the defense, and he did not want to draw attention to invocation of the right to remain silent. A strategic decision to bolster a defendant's credibility by permitting the jury to hear about the defendant's interview, including the portion in which he invoked his right to remain silent, "is subject to a 'strong presumption that trial counsel's conduct was reasonable and effective.'". **State v. Seaton**, No. WD83787, slip op. at *14 (Mo.App. June 29, 2021) (quoting **Davis v. State**, 486 S.W.3d 898, 906 (Mo. banc 2016)).

2. Counsel believed the nature of the forensic interview was something that could be better explored on cross-examination than through an objection.

3. Counsel was reluctant to object during Tucker's cross-examination because he testified very well, and Counsel wanted the jury to come away with the impression Tucker was unafraid to answer the state's questions directly. Even though the question about witness veracity may not have been admissible, Counsel knew the jury may want an answer and he was confident Tucker could provide a good one.

Counsel's rationales for not objecting are within the range of professional

3

judgment. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." ***Strickland***, 466 U.S. at 689.

## Conclusion

Tucker has not overcome the presumption that trial counsel's actions were reasonable trial strategy. ***Hays***, 360 S.W.3d at 314. We see no clear error. Points denied. Judgment affirmed.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFERY W. BATES, J. – CONCURS